## 66018. BALL v. THE STATE.

McMURRAY, Presiding Judge.

Defendant appeals from a verdict of guilty but mentally ill at the time of the crime as to three felony counts of violation of the Georgia Controlled Substances Act. Defendant contends that the trial court erred in failing to fully charge the provisions of Code Ann. § 27-1503 (Ga. L. 1977, pp. 1293, 1295; 1982, pp. 1476, 1477, effective July 1, 1982) (now OCGA § 17-7-131, effective November 1, 1982) in that the trial court having charged as to the verdict of "guilty but mentally ill at the time of the crime" should have also charged as to the verdict of "not guilty by reason of insanity at the time of the crime." *Held:*

Former Code Ann. § 27-1503 (c), supra, effective at the time of defendant's conviction and sentence, as well as the present OCGA § 17-1-131, provide that where, "an accused shall contend that he was

insane or otherwise mentally incompetent under the law at the time the act or acts charged against him were committed, the trial judge *shall* instruct the jury that they may consider, in addition to verdicts of 'guilty' and 'not guilty,' the additional verdicts of 'not guilty by reason of insanity at the time of the crime' *and* 'guilty but mentally ill at the time of the crime.' " (Emphasis supplied.) Defendant relies upon the mandatory and compulsory construction of "shall" to support his position that the trial court should have also charged as to "not guilty by reason of insanity at the time of the crime." The state responds that there was no evidence that defendant was insane at the time of the crime, so that no charge as to this issue was authorized.

Neither of the parties has addressed the meaning of "and" as employed in the language quoted above. The word "and" is often used interchangeably with "or" so that a substitution is sometimes appropriate. Whether "and" should be construed as conjunctive or disjunctive depends primarily upon legislative intent. See *Clay v. Central R. &c. Co.,* 84 Ga. 345, 348 (1) (10 SE 967); *Reynolds v. Wingate,* 164 Ga. 317, 323 (3) (138 SE 666). However, where a statute imposes a forfeiture or a penalty a change in wording so as to read "and" as "or" should not be made by construction. *Roby v. Newton,* 121 Ga. 679, 683 (1) (49 SE 694); *Hawes v. Smith,* 120 Ga. App. 158, 161-162 (5) (169 SE2d 823).

In the case sub judice, we find no manifestation of intent on the part of the legislature that "and," as emphasized above in former Code Ann. § 27-1503 (c), supra, was to have any meaning other than the conjunctive. A conjunctive construction of "and" is consistent with former Code Ann. § 27-1503 (b), supra, which lists four alternative verdicts available when an insanity defense is interposed. Therefore, the two additional verdicts (of "not guilty by reason of insanity at the time of the crime" and "guilty but mentally ill at the time of the crime") listed in former Code Ann. § 27-1503 (c), supra, are inseparable so that one should not be submitted to the jury in the absence of the other.

We do not reach the question of the sufficiency of the evidence to authorize charges as to the additional verdicts pursuant to former Code Ann. § 27-1503, supra. We need rule only that inasmuch as the trial court having charged as to the verdict of "guilty but mentally ill at the time of the crime," and this being the jury's verdict in the case sub judice, the court erred in not also charging the jury as to the verdict of "not guilty by reason of insanity at the time of the crime."

*Judgment reversed. Shulman, C. J., and Birdsong, J., concur.*

DECIDED JUNE 28, 1983 —
REHEARING DENIED JULY 25, 1983 — 

*Herbert T. Hutto,* for appellant.
*Harry N. Gordon, District Attorney, B. Thomas Cook,* Assistant
*District Attorney,* for appellee.