## 40278. THE STATE v. BALL.

HILL, Chief Justice.

This case is before this court on certiorari. *Ball v. State,* 167 Ga. App. 546 (306 SE2d 353) (1983). The certiorari question is whether the verdicts of "not guilty by reason of insanity at the time of the crime" and "guilty but mentally ill at the time of the crime" under OCGA § 17-7-131 (formerly Code Ann. § 27-1503) (see Ga. L. 1982, p. 1476), are inseparable so that when the jury is instructed as to "guilty but mentally ill," it must also be instructed as to "not guilty by reason of insanity" even when there is no evidence to support a charge on insanity.[1]

George Ball was tried for three violations of the Georgia Controlled Substances Act, two sales of marijuana and one of cocaine, and was found "guilty but mentally ill." He was sentenced to serve 20 years, 15 in confinement and the balance on probation. The defendant appealed to the Court of Appeals where he urged that the trial court erred in failing to charge the jury regarding insanity at the time of the crime.

The defendant testified at trial that he received a medical discharge from the army in 1970. Although the defendant admitted smoking marijuana while in the army, the nature of his medical discharge was not shown. The defendant testified that at the time of the trial he was an out-patient at the Athens Mental Health Center where he went several times a week for rehabilitation. He was under the care of two doctors at the center who had prescribed medication for him to control seizures. He began the medication about a month after the time of the offenses for which he was charged. Without the medication, the defendant testified that he was prone to blackouts. The defendant's doctors had determined that the defendant was fit

---

[1] It would appear that where there is evidence of insanity at the time of the crime, the jury should be instructed as to both, because there necessarily would be evidence to support both charges.

to stand trial but did not testify. The defendant denied making the sales in question and denied that he might have made the sales while "blacked out." Thus, there is no evidence in this case that the defendant did not have the mental capacity to distinguish between right and wrong, or that he committed these drug offenses because of a delusional compulsion; i.e., there is no evidence in this case to support a charge on insanity. See *Shirley v. State,* 149 Ga. App. 194 (253 SE2d 787) (1979).

OCGA § 17-7-131(c) (Code Ann. § 27-1503) provides: "In all criminal trials of [sic] any of the courts of this state wherein an accused shall contend that he was insane or otherwise mentally incompetent under the law at the time the act or acts charged against him were committed, the trial judge shall instruct the jury that they may consider, in addition to verdicts of 'guilty' and 'not guilty,' the additional verdicts of 'not guilty by reason of insanity at the time of the crime' *and* 'guilty but mentally ill at the time of the crime.' " (Emphasis supplied.)[2] The Court of Appeals reversed the defendant's conviction on the ground that the legislature intended that the word "and," emphasized above, have a conjunctive construction. The court held that this conjunctive construction is consistent with OCGA § 17-7-131(b) (former Code Ann. § 27-1503 (b)), which lists four alternative verdicts available when "the defense of insanity is interposed." Thus, the Court of Appeals found that the two additional verdicts ("not guilty by reason of insanity" and "guilty but mentally ill") are inseparable and one should not have been submitted to the jury in the absence of the other.[3]

The definition of, and jury instruction as to, "guilty but mentally ill" was added to the law in 1982. Ga. L. 1982, p. 1476. The law in existence prior thereto was as follows: "In all criminal trials in any of the courts of this State wherein an accused shall contend that he was insane or mentally incompetent under the law at the time of the act or acts charged against him were committed, the trial judge shall instruct the jury that, in case of acquittal on such contention, the jury shall specify in their verdict that the accused person was acquitted because of mental incompetence or insanity at the time of the commission of the act." Ga. L. 1977, pp. 1293, 1295. The 1982 law changed only the matters to be charged: ". . . the trial judge shall

---

[2] The words "otherwise mentally incompetent" in the above quotation were not added by the 1982 amendment as to guilty but mentally ill; those words appeared in the earlier law (Ga. L. 1979, p. 1295) and hence do not encompass "mentally ill" as defined in OCGA § 17-7-131(a)(2) (Code Ann. § 27-1503).

[3] See footnote 1, above.

instruct the jury that they may consider, in addition to verdicts of 'guilty' and 'not guilty,' the additional verdicts of 'not guilty by reason of insanity at the time of the crime' and 'guilty but mentally ill at the time of the crime.' " Ga. L. 1982, pp. 1476, 1478. The thing which triggers the four element charge remains that the "accused shall contend that he was insane or mentally incompetent under the law at the time of the act. . . ." That is, the defense of insanity triggers the four element charge. See OCGA § 17-7-131(b) (Code Ann. § 27-1503).

Where, as here, the defense of insanity is not supported by any evidence, it is not necessary for the court to instruct the jury as to "not guilty by reason of insanity." *Reeves v. State,* 234 Ga. 896 (3) (218 SE2d 625) (1975).

*Judgment reversed. All the Justices concur.*

Decided January 4, 1984.

*Harry N. Gordon, District Attorney, B. Thomas Cook, Jr., Assistant District Attorney,* for appellant.
*Herbert T. Hutto,* for appellee.