## 42596. COOPER v. THE STATE.
### (340 SE2d 19)

BELL, Justice.

The appellant, Perry Cooper, was tried for the murder of Albert Burnett, and found guilty but mentally ill. He received a life sentence.[1] He appeals, and we affirm.

Cooper and his wife, Jacqueline, had been married for fifteen years, but separated in July 1983. Mrs. Cooper and Burnett had dated since January 1983. On August 30, 1983, Mrs. Cooper became ill, and called Burnett at about 10:30 p.m. to take her to a local hospital. Burnett drove Mrs. Cooper, as well as two of her children, to the hospital in her car. Burnett left Mrs. Cooper at the hospital, and then took her children home. As he was driving away from the house to return to the hospital, the appellant saw him.

Cooper, who had a .38 caliber pistol and a .357 magnum in his car, began firing at Burnett. Burnett drove to the hospital, and ran inside. Cooper then followed him into the hospital, carrying both pistols, and shot at Burnett numerous times. One of the bullets struck Burnett in the chest, and killed him.

At trial Cooper testified that he did not like Burnett around his wife or children because of his criminal record, which included a rape charge. He testified that on the evening of August 30, 1983, he went to his wife's house to inquire about a bill. He said that as he approached the house he saw his fifteen-year-old daughter and his son

---

[1] The crime occurred on the evening of August 30-31, 1983. Cooper was indicted November 9, 1983, and found guilty and sentenced October 25, 1984. Cooper filed a motion for new trial November 13, 1984. The court reporter certified the transcript January 16, 1985. The trial court denied Cooper's motion for new trial March 20, 1985. The case was docketed in this court August 8, 1985, and submitted for decision without oral arguments September 20, 1985.

run into the house, and someone in his wife's car back out of the driveway and leave. He followed the car and saw that Burnett was driving it. According to Cooper, his "mind just went out," and he started shooting at Burnett. He added that he did not remember what happened at the hospital. When asked by his attorney whether he knew the difference between right and wrong at the time of the shooting, Cooper responded, "[w]ell, not totally. Just like I said, my mind was kind of like vague . . . just like I said, I don't remember everything that I was doing."

On cross-examination Cooper testified that he remembered following Burnett into the hospital and asking him why he was driving his wife's car. He added that he also remembered Burnett asking Cooper not to shoot him. According to Cooper, that request did not have any effect on him.

A hospital security officer testified that after the shooting, he told Cooper not to leave, and Cooper told him that he knew he was going to jail and that he was not going anywhere.

Dr. Arnold Tillinger, a psychiatrist, testified for the defense. He said that he ran a series of tests on Cooper, which did not reveal any mental illness. He testified that Cooper approached the tests in a defensive fashion, and appeared unwilling to acknowledge the frailties all humans have. He also added that Cooper handled stress by repressing it, and was in a low-normal intellectual category. Because of these factors, he testified, Cooper might be less adaptive than other people in dealing with stressful situations.

On cross-examination Dr. Tillinger was asked, based on what he knew about the incident in question from talking with Cooper, whether, if immediately after the incident Cooper had said, "I know I'm going to be arrested," that would indicate he knew right from wrong. Dr. Tillinger answered that it would. He also added that Cooper was at the time of trial capable of determining right from wrong.

1. In his first and second enumerations of error Cooper's argument is, as we understand it, that he was denied due process because his defense of insanity was not fairly presented to the jury, in that, first, the court did not specifically instruct that the nature of insanity can be temporary, and second, did charge on "guilty but mentally ill" although, Cooper asserts, that charge was not warranted by the evidence. We find no error.

Cooper contends that a charge on temporary insanity was warranted because testimony at trial established that Cooper was in total self-control until he arrived at his wife's residence and saw Burnett with his children and wife's car. He adds that a charge on temporary insanity was important because it would have directed the jury's attention to the time of the crime in evaluating his mental condition.

Cooper relies on *Drewery v. State*, 208 Ga. 239 (2) (65 SE2d 916) (1951), to support his argument.

In *Drewery*, supra, 208 Ga. at 242, the trial court remarked in the presence of the jury that insanity could not be temporary. The evidence at trial concerning the defendant's insanity was that it was temporary in nature. On appeal the defendant contended that the trial court's remark had effectively deprived her of her insanity defense. We first noted the principle that "it would make no difference, insofar as the law is concerned, whether her condition of insanity at the time of the commission of the act was of a temporary nature or permanent in character, the test of criminal responsibility being the condition of her mind at the time of the commission of the act." Id. at 242. We then held that the court had wrongfully deprived Drewery of her insanity defense, since the remark essentially informed the jury that unless the defendant's insanity was permanent, she could not avail herself of the insanity defense.

Here, as can be discerned from *Drewery*, whether Cooper's insanity, if any existed, was temporary or permanent was not at issue; what was at issue was whether he knew the difference between right and wrong at the time of the incident in question. The trial court's charge so informed the jury. Therefore, we disagree with Cooper's allegation that the court, by failing to charge that insanity can be temporary in nature, did not sufficiently inform the jury that it should evaluate his condition at the time of the crime.

Moreover, we find that the trial court did not err in charging on "guilty but mentally ill," as the charge was warranted by the evidence. See *Ball v. State*, 251 Ga. 840, fn. 1 (310 SE2d 516) (1984).

For the foregoing reasons, we find that no error is presented by Cooper's first and second enumerations.

2. In his third enumeration of error Cooper contends that the trial court erred in not allowing him to introduce a copy of the victim's criminal convictions.

As previously noted, Cooper contended that his knowledge of the victim's criminal record was a factor in depriving him of his reason at the time of the killing. On cross-examination of Cooper the assistant district attorney questioned Cooper as to whether he was actually aware, at the time of the shooting, that Burnett had a criminal record. Cooper responded that he believed Burnett had a record because Burnett had told him that he did, but that he did not know if Burnett was telling the truth.

Cooper contends that he should have been allowed to introduce Burnett's record to bolster his testimony concerning his belief that Cooper had a record. We disagree. Since Cooper was unaware of the actual record at the time of the shooting, its existence could not bolster Cooper's credibility concerning his *belief* that Burnett had a

criminal record. The trial court properly excluded this evidence of the victim's character. See *House v. State*, 252 Ga. 409 (5) (314 SE2d 195) (1984).

3. In its charge the trial court stated: "Now to this indictment the defendant has entered a plea of *not* guilty, thereby he denies each and every essential element of the crime . . . . Neither the indictment nor the *plea of guilty* are evidence in the case . . . . The indictment and the *plea of guilty* simply form the issue which you are to determine." (Emphasis supplied.)

In his fourth enumeration of error Cooper contends that the court committed reversible error in referring to a nonexistent plea of guilty. We disagree. The court first correctly charged that Cooper had pled not guilty, and then inadvertently referred to the plea as one of guilty. The court went on to correctly charge on the presumption of innocence and the state's burden to prove its case beyond a reasonable doubt. Considering the court's charge as a whole, we find that the court's reference to a plea of guilty did not harm Cooper.

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 4, 1986.

*Calhoun, Donaldson, Riddle & Cox, John R. Calhoun, William O. Cox,* for appellant.

*Spencer Lawton, Jr., District Attorney, Michael J. Bowers, Attorney General, Eddie Snelling, Jr., Staff Assistant Attorney General,* for appellee.