74802. WILLIS v. THE STATE.
(359 SE2d 194)

BANKE, Presiding Judge.

Willis appeals his conviction of simple battery, enumerating as error the state's failure to comply with his written, pre-trial demand for a copy of the accusation and a list of witnesses.

It is undisputed that the appellant made a timely demand under Art. I, Sec. I, Par. XIV of the Constitution of the State of Georgia and OCGA § 17-7-110 for a copy of the accusation and list of witnesses, and it is further conceded by the state's attorney that, due to an oversight on his part, the appellant's demand was not complied with prior to trial. This court has been provided with only an excerpted portion of the trial transcript, from which it appears that, after the jury was sworn and the appellant's counsel interposed an objection to the state's failure to comply with his written discovery demand, the following colloquoy took place: "THE COURT: Well, what I want to get on the record, number one, there are no witnesses other than the [victim]; is that correct? PROSECUTOR: That's correct, That is correct. THE COURT: Is there any other discoverable material in the file? PROSECUTOR: I have a statement from the victim, and that is it. THE COURT: No statements by the defendant? PROSECUTOR: No, sir, the state anticipates no statements by the defendant. APPELLANT'S COUNSEL: Could we at least get a copy of the accusation? PROSECUTOR: Certainly, I'll be glad to give him a copy of — I'll give you a copy of the victim's statement. THE COURT: All right, what we'll do, we'll do the opening statements; then that will give you an opportunity during lunch to review the accusation. APPELLANT'S COUNSEL: Okay, that's fine. I'm ready to proceed with opening statements. THE COURT: Well, do you want to go any fur-

ther than the opening statements, or do you want time to review that? APPELLANT'S COUNSEL: No, that won't — THE COURT: Okay, we'll go — APPELLANT'S COUNSEL: I just mainly didn't have any material from the file regarding dates, times, places, anything like that. THE COURT: All right."

No other portions of the trial transcript have been provided. *Held*:

The excerpted portion of the transcript demonstrates that although the appellant's counsel "objected for the record" to the state's failure to comply with his request for a copy of the accusation and a list of witnesses, he did not ask for any corrective action, such as the grant of a continuance or the exclusion of any testimony, but instead acquiesced in going forward with the trial. Moreover, the appellant has not shown how he was harmed by the alleged error. "Even constitutional error is considered harmless if there is no 'reasonable possibility' it might have contributed to the conviction . . . [Cit.]" *Albert v. State*, 180 Ga. App. 779, 785 (350 SE2d 490) (1986). Under the circumstances, no ground for reversal of the conviction has been established.

*Judgment affirmed. Carley and Benham, JJ., concur.*

DECIDED JUNE 22, 1987.

*Robert E. Turner*, for appellant.
*Carl A. Veline, Jr., Solicitor*, for appellee.