## 75835. CRANFORD v. THE STATE.
(369 SE2d 50)

BEASLEY, Judge.

Defendant was convicted of aggravated assault (OCGA § 16-5-21 (a) (2)) for shooting his four-year-old daughter in the head. He did not deny shooting her but contended that he was mentally ill at the time and was attempting suicide as well as her killing. He sustained a superficial scalp wound, while his daughter suffered a serious head wound. At trial, defendant called a retained psychiatrist and the attorney who represented him in connection with juvenile court custody proceedings.

1. The first claimed error is that the court refused to allow ques-

tioning of the attorney as to his opinion of defendant with regard to the statutory definition of "mentally ill." OCGA § 17-7-131 (a) (2). However, the record shows that the attorney was allowed to give his opinion as to whether defendant had a disorder of thought or mood which impaired his judgment. The only other question posed was whether he had an opinion as to whether defendant had a disorder which impaired his ability to cope with the ordinary demands of life. When the objection to this question was sustained, defendant's counsel stated that he would "not argue with the court." Acquiescence in the court's ruling precludes our consideration of this claimed error. *Willis v. State*, 183 Ga. App. 408, 409 (359 SE2d 194) (1987). The attorney/witness later declined to express an opinion as to defendant's mental illness, stating that he was not qualified to do so. Thus, even if the court erred, there was no harm. *Anderson v. State*, 183 Ga. App. 313 (3) (358 SE2d 888) (1987).

2. Defendant enumerates the court's failure to give two of his jury charges, numbers 3 and 4.

In his brief, defendant purports to quote his request to charge no. 3. That language, however, is not in request no. 3 as recorded nor in any of defendant's other requests, so he cannot complain of its not having been given. Request no. 3 in the record was given by the court except as it related to the defense of insanity, which defendant acknowledged was not supported by any evidence.

Request no. 4 dealt with sentencing if defendant should be found guilty but mentally ill. Defendant acknowledges that instruction on sentencing is not mandated by the statute, OCGA § 17-7-131 (g), but relies on several cases for his argument. In these cases, however, the defense of insanity was in issue: *Prophitt v. State*, 183 Ga. App. 332 (358 SE2d 892) (1987); *Loftin v. State*, 180 Ga. App. 613, 615 (3) (349 SE2d 777) (1986); *Price v. State*, 179 Ga. App. 598, 601 (1) (347 SE2d 608) (1986).

They hold that if the court instructs on the consequences of a verdict of insanity or mentally ill, those instructions must be correct, i.e., the jury must be clear that if it finds that defendant did not know right from wrong or was suffering from a delusional compulsion, the jury is required to find him not guilty and must not be misled into thinking that an insane, acquitted defendant would be released outright. The error in those cases was in either allowing the jury to compromise by finding that defendant did not know right from wrong or suffered a delusional compulsion and returning a verdict of guilty but mentally ill, or in the court's misleading the jury as to defendant's treatment and release if found insane, thereby depriving him of his insanity defense.

Such was not the case here. Defendant acknowledged he could not prove his tendered insanity defense. He requested and received

an instruction on the guilty but mentally ill verdict, which was appropriate. See *Worthy v. State*, 253 Ga. 661, 665 (5) (324 SE2d 431) (1985); *State v. Ball*, 251 Ga. 840 (310 SE2d 516) (1984). He was not entitled to an instruction on the sentencing options of that verdict, as that would have no bearing on his guilt or innocence. *Cooper v. State*, 253 Ga. 736, 738 (6) (325 SE2d 137) (1985).

3. Defendant also argues that the court erred by not dismissing the cruelty to children count, thus leaving its disposition incomplete on the record. Both counts alleged the same facts, that defendant shot his daughter. The court allowed the jury to consider both counts but instructed it to return only one verdict, which it did on the aggravated assault count. Thereafter, the court instructed that the second count had merged into the first, which was appropriate. OCGA § 16-1-6; *Hambrick v. State*, 256 Ga. 148 (344 SE2d 639) (1986). Further, the court entered a sentence and judgment reflecting that merger. Thus, the second count has been disposed of on the record.

*Judgment affirmed. Birdsong, C. J., and Banke, P. J., concur.*

DECIDED APRIL 19, 1988.

*Kenneth W. Krontz, Jennifer McLeod*, for appellant.
*Frank C. Winn, District Attorney, David McDade, Assistant District Attorney*, for appellee.