## 76697. ROGERS v. THE STATE.
(374 SE2d 562)

BENHAM, Judge.

Convicted of simple battery, appellant complains on appeal of the State's failure to comply with discovery requests and contends that the evidence was insufficient to convict.

1. After the jury was empaneled and sworn, defense counsel objected "to the trial proceeding," offering as a ground for his objection that the State had not provided a copy of the accusation and a list of witnesses as appellant had timely demanded. The State requested a continuance, but the trial court refused after ascertaining that there was to be only one witness for the State, the victim, whose testimony had already been heard by the defense at the preliminary hearing, and that the State did not have any statements from the defendant to introduce.

This case is remarkably similar to and is controlled by *Willis v. State*, 183 Ga. App. 408 (359 SE2d 194) (1987), in which the same trial judge dealt with the same problem in another simple battery prosecution in which the same trial attorneys were involved. The evidence in this case was very simple and straightforward, and we find no reasonable possibility that the failure to comply with appellant's discovery demand might have contributed to the conviction. Therefore, no ground for reversal has been established.

We note, however, that the lack of harm is due to the extreme simplicity of this case and caution that this case should not be advanced as authority for the proposition that failures to comply with discovery requests are generally harmless. Furthermore, the "open

file" policy on which the State relied in part to satisfy discovery demands is not sufficient: the indictment or accusation and, when demanded, a list of witnesses must be served on the defendant, not just made available. *Driver v. State*, 188 Ga. App. 301 (371 SE2d 841) (1988).

2. Appellant's other enumeration of error is that the evidence was not sufficient to support the verdict. We disagree.

The victim, a podiatrist, testified that he had examined appellant's then-fiancee's foot on the day of the offense; that appellant and the patient returned to his office that afternoon; that while he was waiting for the patient to return from the rest room, appellant entered the treatment room, asked the victim about his earlier contact with the patient, then swung his fist at the victim, but missed; that he swung at appellant with equal lack of results; that appellant then wrestled him to the floor and beat his face.

Appellant testified that when he and his fiancee left the victim's office that morning, she was upset; that over a period of hours, he managed to get from her an account of her examination by the victim; that she accused the victim of forcing her to commit a sexual act; that he returned to the victim's office to confront him; that the victim looked afraid and then attacked appellant when he asked about the victim's earlier conduct; and that appellant beat the victim in self-defense.

Since the two main witnesses testified in direct opposition to each other, the main issue to be decided was credibility. The jury resolved that against appellant. We find the evidence sufficient to authorize any rational trier of fact to find appellant guilty of simple battery beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Jackson v. State*, 182 Ga. App. 826 (357 SE2d 143) (1987).

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED OCTOBER 14, 1988.

*Verna L. Smith*, for appellant.
*Carl A. Veline, Jr., Solicitor, Kelly R. Burke, Assistant Solicitor*, for appellee.