47096. GARRETT v. THE STATE.

EBERHARDT, Presiding Judge. Appellant and the deceased engaged in an argument over some money as a result of which the deceased struck appellant about the head or face with his hand, remarking to appellant "you call yourself a smart s.o.b. don't you," and appellant shot the deceased twice.

Appellant urges that after being struck on the head he "faded out" and that he couldn't remember what happened after that. A requested charge on insanity, as found in *Code Ann.* § 26-702, was denied, and there was

no charge on involuntary manslaughter. Enumerating these as error defendant appeals from the overruling of his motion for new trial. *Held:*

1. The general grounds are not argued in the brief and are deemed to have been abandoned. *Schmid v. State,* 226 Ga. 70 (172 SE2d 616).

2. A mere statement by the defendant that he does not remember what happened does not require a charge on insanity. *Massey v. State,* 222 Ga. 143, 147 (149 SE2d 118). Nor does a statement that he had been struck on the head about seven years ago and that "at times I don't know what I am doing." *Floyd v. State,* 143 Ga. 286 (84 SE 971). And see *Jones v. State,* 197 Ga. 604, 607 (30 SE2d 192). There was no plea of insanity and no evidence of it save the defendant's assertion that after being struck on the head by the deceased he did not remember what happened. His conduct in shooting the deceased and immediately leaving, remaining a fugitive for three days, certainly indicates a rational realization of what he had done, and that he then knew right from wrong.

Nor did his testimony that he was nervous and had been since his discharge from the army in 1942 and that "I do things when my mind gets shocked up. I don't be just to myself . . . it just takes effect on me, and things I been doing I can't give any account," indicate a state of insanity on his part. "The evidence here which only shows the defendant to have been in a highly nervous condition after the killing was totally insufficient to warrant a charge on insanity." *Blackston v. State,* 209 Ga. 160 (3) (71 SE2d 221). "No decision has come under our observation where temporary insanity or loss of self-control, caused by physical infirmity, has been held to justify a killing or even to reduce the offense from murder to manslaughter. In its last analysis the contention of the plaintiff in error is, that, while ordinarily sane, his physical condition was such and his nerves were so unstrung that he was more easily excited than an ordinary man,

and that when thus excited he became temporarily irresponsible. Similar defenses have been several times disapproved by our Supreme Court." *Carter v. State,* 2 Ga. App. 254, 264 (58 SE 532).

Pretermitting the matter of whether the request was in proper form, it was inapposite and was properly denied.

3. Error is enumerated on the failure of the court to charge on the law of involuntary manslaughter, as found in *Code Ann.* § 26-1103, on the theory that the defendant's testimony could have been construed to mean that he had not intended to shoot the deceased. This claim of error is without merit. There was no timely request for such a charge and as we read the evidence it falls far short of authorizing a finding of involuntary manslaughter.

*Judgment affirmed. Clark, J., concurs. Deen, J., concurs in the judgment.*

SUBMITTED APRIL 6, 1972—DECIDED APRIL 13, 1972.

*Glenn Zell,* for appellant.

*Lewis R. Slaton, District Attorney, Richard E. Hicks, Joel M. Feldman, James H. Mobley, Jr.,* for appellee.