## 30093. REEVES v. THE STATE.

JORDAN, Justice.

Appellant Gary Reeves was convicted of the murder of Grace Reeves, sentenced to life imprisonment, and appeals. Appellant and the deceased had lived together as common law husband and wife for five years. On the day of the shooting, Grace and appellant had worked at the tavern which she owned until twelve midnight. At that time, Grace and appellant left the tavern in separate automobiles. Upon arriving home one of the children, Beverly, testified that appellant acted as though he was "mad" and threatened to shoot out the lights of a service station across the street. Appellant had been drinking during the day and upon his return home. Around 2:00 a.m. appellant was heard to ask Grace to prepare him something to eat, and Grace agreed. Thereupon, Beverly heard a shot. She ran to the kitchen to see appellant fire five more shots at Grace. Appellant left and was arrested at his parents' home at approximately 2:30 a.m. He was found fully clothed lying in bed.

Appellant testified that he could not remember anything that happened during this time, regaining his memory only after his arrest. However, appellant could recall events occurring earlier in the day. Appellant never denied shooting Grace, but claimed that he could not remember shooting her. He admitted carrying a .38 revolver at all times because of his work, but could not remember whether he had the revolver on him when he arrived home. No evidence was presented to indicate that Grace and appellant had been quarreling on the day of

the killing.

1. The first enumeration of error complains that the court erred in failing to charge the law of voluntary manslaughter, although appellant made no such request. It is well established that if there is any evidence of voluntary manslaughter it should be charged even without a request. *Banks v. State,* 227 Ga. 578 (182 SE2d 106).

"A person commits voluntary manslaughter when he causes the death of another human being, under circumstances which would otherwise be murder, if he acts solely as the result of a sudden, violent, and irresistible passion resulting from serious provocation sufficient to excite such passion in a reasonable person..." Code Ann. § 26-1102.

The evidence in this case shows a complete absence of a "sudden, violent and irresistible passion resulting from serious provocation." There was no evidence that the victim was armed, or that there had been any mutual fighting or quarreling. Immediately prior to the shooting, appellant was heard to ask the victim to prepare him something to eat. This request was complied with without argument. Appellant's contention that voluntary manslaughter should have been charged because of testimony that he could not remember the shooting is without merit. See *Brooks v. State,* 227 Ga. 339 (180 SE2d 721).

2. The trial court denied appellant the opportunity to elicit testimony to the effect that the deceased's legal name was Grace Wade. Appellant contends that such was relevant to show a variance between the indictment which showed the deceased as Grace Reeves, and the proof.

The name by which a deceased is commonly and generally known at the time of his death is a proper description in an indictment for his death, though he might also have had another name. *Irwin v. State,* 117 Ga. 722 (45 SE 59); *Jones v. State,* 65 Ga. 147. There is ample evidence to show that deceased was commonly and generally known as Grace Reeves during the five years she and appellant held themselves out as husband and wife. The couple had given birth to a son and lived

together in the same house. All witnesses, except the appellant, knew decedent in the community as Grace Reeves. This enumeration of error is without merit.

3. Appellant's contention that the evidence warranted a charge by the trial court on insanity is without merit. Where the issue of insanity at the time of the commission of the alleged offense is raised by the evidence, it is mandatory for the trial judge to charge the jury on the defense of insanity. *Morgan v. State,* 224 Ga. 604 (163 SE2d 690). The only evidence here which could possibly require a charge on insanity would be appellant's testimony that he could not remember the shooting, and evidence that appellant was acting "mad." Neither requires a charge on insanity. See *Garrett v. State,* 126 Ga. App. 83 (189 SE2d 860) and *Martin v. State,* 223 Ga. 649, 652 (157 SE2d 458). The test for mental capacity is the capacity to distinguish between right and wrong. Code Ann. § 26-702.

4. After the state cross examined the appellant, the trial judge asked appellant several questions concerning his recollection of where his revolver was on the night of the shooting. Appellant complains that these questions became argumentative in nature and could possibly have led the jury to believe that the judge was expressing an opinion adverse to appellant's sole defense. However, the trial record fails to disclose any objection or motion for mistrial by appellant. Appellant's failure to object or move for a mistrial at the trial estops him from raising an error on appeal. *Ezzard v. State,* 229 Ga. 465 (192 SE2d 374). This court has specifically held that before an appellant may complain of an examination by the trial judge he must first object or move for a mistrial at the trial. *Spencer v. State,* 231 Ga. 705, 707 (203 SE2d 856); *Coffee v. State,* 230 Ga. 123, 124 (195 SE2d 897). When this procedure is followed, the trial court is given an opportunity by giving special instructions to the jury to remedy any error it might have made.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JUNE 20, 1975 — DECIDED SEPTEMBER 3, 1975.

*Charles D. Flinn, Jr., William K. Buffington,* for

appellant.

*F. Larry Salmon, District Attorney, Robert D. Englehart, Assistant District Attorney, Arthur K. Bolton, Attorney General, Kirby G. Atkinson,* for appellee.