### 34235. REEVES v. ALLEN.

UNDERCOFLER, Presiding Justice.

We granted this application to review denial of Reeves' petition for habeas corpus charging ineffective assistance of counsel at his trial for the murder of his wife, Grace Reeves.

1. After a careful review of the original trial transcript[1] and of the evidence presented at the habeas corpus hearing, we hold that there has not been a showing that counsel was ineffective and the denial of the petition for habeas corpus was not error. Appellant contends trial counsel failed to interview any witnesses, failed to view

---

[1]This case was affirmed on direct appeal. *Reeves v. State,* 234 Ga. 896 (218 SE2d 625) (1975).

the scene of the crime and failed to properly consult with appellant prior to trial. The evidence rebuts these contentions. It shows appointed counsel had at his disposal the entire file of the district attorney, including all of the statements of witnesses given to police as well as photographs of the deceased and the house and kitchen where the shooting occurred. Dr. Craig Boss testified defense counsel interviewed him regarding his findings prior to trial and following his examination of the body of the deceased. The trial transcript showed counsel conducted a professional and informed defense, pursuing a theory of temporary insanity, and sought to establish through state's witnesses and the applicant that he was not in full possession of his faculties during the events in question. A charge that there was a lack of pre-trial investigation is not substantiated in light of counsel's performance at trial. Enumeration 1 is without merit.

2. From our holding in Division 1, we also hold Reeves received assistance of counsel "reasonably likely to render and rendering reasonably effective assistance." *Pitts v. Glass,* 231 Ga. 638 (203 SE2d 515) (1974). Though the habeas court appears to have applied the older standards for evaluating effective assistance of counsel as set out in *Hart v. State,* 227 Ga. 171 (179 SE2d 346) (1971) and similar cases, there was no harm here.

3. It was not error to permit the trial judge to submit evidence in the habeas corpus hearing by affidavit. See Code Ann. § 50-127 (7) (a) (Ga. L. 1975, pp. 1143-1145).

*Judgment affirmed. All the Justices concur.*

ARGUED NOVEMBER 20, 1978 — DECIDED DECEMBER 5, 1978.

*Barkley & Garner, James S. Garner, III, Larry J. Barkley,* for appellant.

*Johnson & Beckham, Sam D. Price, Arthur K. Bolton, Attorney General, William B. Hill, Jr., Staff Assistant Attorney General,* for appellee.