## 46649. GOOCH v. THE STATE.
### (379 SE2d 522)

HUNT, Justice.

Kevin Lamar Gooch appeals his conviction of the malice murder of his estranged wife, Carol, for which he was sentenced to life imprisonment.[1] We affirm.

The jury was authorized to find the evidence as follows. The defendant and the victim had been married for eight years and had two children. The victim left the defendant, filed for divorce, and voluntarily relinquished legal custody of the children to the Whitfield County Department of Family and Children Services (DFACS). Prior to the shooting, the defendant stated to a friend, and to the manager of the apartments where the victim lived, that he would kill the victim if she did not come back to him. The defendant had given his gun to a friend, stating he had almost used it against the victim when he had met with her at the courthouse. He retrieved the gun two days before the shooting. The day of the shooting, the defendant went to exercise his visitation rights at DFACS, where a caseworker told him the older child did not want to see him, and did not want a photograph taken of her for the defendant. After he visited with his younger child, the caseworker told him the victim would be given custody of the children and that he would be required to visit them at DFACS rather than at their home. The defendant had expected DFACS to give him custody of the children because the victim was an alcoholic, and because the defendant had participated in counseling. The defendant left the building, went to his car, and returned with his gun and a bag of

---

[1] The crime was committed on May 3, 1988. Gooch was convicted and sentenced on August 30, 1988. A motion for new trial was filed on September 27, 1988, and denied on December 16, 1988. The transcript was filed on November 15, 1988. The notice of appeal was filed on January 13, 1989. The record was docketed in this Court on February 2, 1989, and the case was submitted on March 17, 1989.

candy. He handed the bag of candy to the caseworker, walked away, then turned and fired three shots at the victim. When the victim ran into a nearby office, the defendant came to the door of the office and fired three more times. He then placed his handgun on the floor, and went into another office to await the police. The victim died as a result of the gunshot wounds to her chest and back.

1. Under the foregoing evidence, we conclude that a rational trier of fact could have found the defendant guilty of murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The defendant enumerates as error the trial court's refusal to give his requested charge on insanity. However, the only evidence offered by the defendant in support of this charge consisted of his own testimony that he could not remember what had happened, and that it was hard to say whether, at the time of the shooting, he could tell the difference between right and wrong. Without more, this evidence did not require a charge on the law of insanity. *Duck v. State*, 250 Ga. 592, 596 (2a) (300 SE2d 121) (1983); *Reeves v. State*, 234 Ga. 896, 898 (3) (218 SE2d 625) (1975).

3. The defendant contends the trial court erred by refusing to give his requested charge on voluntary manslaughter. The trial court noted there was no evidence to support a charge on voluntary manslaughter. The defendant, however, argues there was evidence he was "seriously provoked" within the meaning of OCGA § 16-5-2 (a) by the caseworker's statement to him that his alcoholic wife, rather than the defendant, was to get custody of the children, and that his visitation was to be severely limited. ". . . [I]t is a question of law for the courts to determine whether there is slight evidence that the defendant acted as the result of sudden, violent and irresistible passion resulting from serious provocation." *Aldridge v. State*, 258 Ga. 75, 76 (2) (365 SE2d 111) (1988), citing *Henderson v. State*, 234 Ga. 827 (218 SE2d 612) (1975). Pretermitting the question whether the caseworker's statements constituted sufficient provocation, see *Brooks v. State*, 249 Ga. 583, 586 (292 SE2d 694) (1982); *Strickland v. State*, 257 Ga. 230, 231 (2) (357 SE2d 85) (1987), under the evidence, the trial court could conclude, as a matter of law, there was not even slight evidence the defendant acted as a result of a sudden, violent and irresistible passion. See *Swett v. State*, 242 Ga. 228 (1) (248 SE2d 629) (1978); *Reeves v. State*, 234 Ga. 896 (218 SE2d 625) (1975); *Burger v. State*, 238 Ga. 171, 172 (2) (231 SE2d 769) (1977). The defendant testified that after he talked to the caseworker, his mind went blank, he could not think straight, and was angry but had "mostly a hurt feeling." He testified he could not remember the shooting, but was in a daze immediately afterward. The caseworker whose statements the defendant claims provoked him, testified she and he did not exchange any harsh

words, that he had been cordial, and that when he left to go to the car he did not appear angry or upset. Three other witnesses testified the defendant appeared coherent and not in a daze after the killing. Therefore, the trial court did not err by refusing to charge the law of voluntary manslaughter.[2]

*Judgment affirmed. All the Justices concur, except Weltner, J., not participating.*

DECIDED JUNE 1, 1989 —
RECONSIDERATION DENIED JUNE 23, 1989.

*Ralph M. Hinman III,* for appellant.
*Jack O. Partain III,* District Attorney, *Michael J. Bowers,* Attorney General, *C. A. Benjamin Woolf,* for appellee.

---

[2] The better practice on the part of trial courts would be to charge voluntary manslaughter in *all* instances where requested by the defendant. Such a charge, on request, cannot be reversible error, and, if routinely given, would vastly reduce the expense and delay involved on appeal of the sometimes difficult questions of whether there is sufficient evidence to support such a charge as a matter of law.