### S89P0575. HIGHTOWER v. THE STATE.
(386 SE2d 509)

GREGORY, Justice.

This is a death penalty case. The defendant, John Hightower was convicted by a jury in Morgan County on three counts of murder and sentenced to death on all three counts. We affirm.[1]

---

[1] The crime was committed in Baldwin County on July 12, 1987. A change of venue was granted, and the case was moved to Morgan County for trial. Trial began on April 28, 1988, and concluded on May 4, 1988. The defendant's motion for new trial was denied on June 28, 1989. An appeal was docketed in this court on September 15, 1989, and the case was orally

1. The defendant was married to Dorothy Hightower. Her brother stopped by their home early in the morning of July 12, 1987, to pick up his daughter. Dorothy Hightower's car was gone. The brother entered the home and found that Dorothy Hightower and her two daughters, Evelyn and Sandra Reaves, had been shot. Evelyn Reaves was still alive, but died two days later. Sandra Reaves and Dorothy Hightower were dead. The brother's daughter was unharmed.

Two and one-half hours later, the defendant was arrested driving his wife's car. Inside the car was a bloody handgun. He confessed later that morning. He told police that he and his wife had been having marital problems, and he had purchased the murder weapon the day before. He hid it under his pillow until 3:00 a.m., when he shot his wife. He then went to the bedroom occupied by his stepdaughter Sandra Reaves. She got out of bed, but then lay back down. He shot her in the head. Evelyn Reaves tried to leave the house, but the defendant caught her and shot her three times. He stated that he did not harm his niece because he "didn't have any problems with the baby."

The evidence supports the verdict. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Hightower contends the state violated *Brady v. Maryland*, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963), by failing to exhibit four photographs of the victims to the defendant before trial. *Brady* applies to the suppression of "material evidence *favorable* to the accused." *Castell v. State*, 250 Ga. 776, 781 (301 SE2d 234) (1983). The defendant himself contends the photographs were "damaging evidence." Since they were not exculpatory evidence, there was no *Brady* error.

Hightower further contends, however, that these photographs were encompassed by the trial court's order for pre-trial disclosure, and that even if this order was broader than required under *Brady*, the state nonetheless should have complied with it.

We agree that a trial court may require the state to provide the defense more discovery than the minimum required by law; however, the enforcement of its directives is a matter committed primarily to the trial court's sound exercise of discretion. Even assuming the state violated the trial court's order for pre-trial disclosure (and the state contends it did not), we find no abuse of discretion and no harmful error requiring reversal.

3. The defendant moved before trial for funds for an independent psychiatric evaluation, an investigator, a jury-selection specialist, and

for an additional attorney. The court authorized payment of $750 for a psychiatric evaluation and $5000 for a special investigator or other such expert assistance as the defendant might choose. The defendant later asked for an additional $6000 to retain the services of an expert in family violence. The court denied this motion. However, the defendant retained the services of a psychologist who testified at trial. The court authorized an additional $1000 to pay for the services of this psychologist.

The trial court did not deny the defendant any necessary financial assistance. *Crawford v. State*, 257 Ga. 681 (5) (362 SE2d 201) (1987). Compare *Isaacs v. State*, 259 Ga. 717 (13) (386 SE2d 316) (1989).

Hightower was represented by two attorneys. The court did not abuse its discretion by refusing to appoint a third. Moreover, we do not agree that the amount awarded to the defendant's attorneys for their services was so low as to deny the defendant effective assistance of counsel as a matter of law, and absent any evidence of actual ineffectiveness, attorney fees are not an issue addressable on this appeal. *Moon v. State*, 258 Ga. 748 (6) (375 SE2d 442) (1988).

The defendant has not shown any harm from the denial of an *ex parte* hearing on the funds issue.

4. Georgia death penalty laws are not unconstitutional for any reason stated. *Zant v. Stephens*, 462 U. S. 862 (103 SC 2733, 77 LE2d 235) (1983).

5. The jury found as statutory aggravating circumstances: (1) the murder of Dorothy Hightower was committed while the defendant was engaged in the commission of the murder of Evelyn Reaves, (2) the murder of Sandra Reaves was committed while the defendant was engaged in the commission of the murder of Dorothy Hightower, and (3) the murder of Evelyn Reaves was committed while the defendant was engaged in the murder of Sandra Reaves.

Contrary to the defendant's contention, each murder was supported by an independent statutory aggravating circumstance. There was no reciprocal use of aggravating circumstances, and therefore no "mutually supporting aggravating circumstances." *Isaacs v. State*, supra at 738 (43 a).

6. "Death-qualification" of the prospective jurors is not improper. *Pope v. State*, 256 Ga. 195, 200 (7 a) (345 SE2d 831) (1986). The defendant cites no authority and we have found none for the proposition that a defendant is entitled to a "special circumstances" jury to try the sentencing phase.

7. Denial of sequestered voir dire was not an abuse of discretion. *Sanborn v. State*, 251 Ga. 169 (3) (304 SE2d 377) (1983).

8. A defendant is not entitled to a daily transcript. *Chenault v. State*, 234 Ga. 216 (3) (215 SE2d 223) (1975).

9. The evidence supports the trial court's finding that the defendant was not intoxicated when he confessed, that he did not invoke his right to counsel, and that he knowingly, voluntarily, and intelligently waived his rights under *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966), and voluntarily confessed.

10. Hightower contends the court erroneously excused three prospective jurors on *"Witherspoon"* grounds (opposition to the death penalty) and erroneously found qualified three others on "reverse-*Witherspoon*" grounds (inability to fairly consider less than a death sentence). We find that the court's rulings on these six prospective jurors were "within the deference due the trial judge's determination." *Jefferson v. State*, 256 Ga. 821, 824 (2) (353 SE2d 468) (1987). See *Curry v. State*, 255 Ga. 215, 221 (2 f) (336 SE2d 762) (1985).

11. The defendant contends the prosecution was guilty of racial discrimination. See *Batson v. Kentucky*, 476 U. S. 79 (106 SC 1712, 90 LE2d 69) (1986). The prosecutor used only seven of his authorized 10 peremptory strikes. He used six of those seven strikes against black prospective jurors. The record shows that at least two black prospective jurors were struck by the defendant after having been accepted by the prosecutor. The prosecutor explained his peremptory challenges. Four of the challenged prospective jurors were closely related to persons convicted of serious felonies. The other two were conscientiously opposed to the death penalty, although not to the extent they were excused for cause. The trial court found that the prosecutor had articulated legitimate non-racial reasons for his challenges. Even assuming the defendant made out a prima facie case, cf. *Childs v. State*, 257 Ga. 243 (21) (357 SE2d 48) (1987), the trial court's determination is not clearly erroneous. Compare *Foster v. State*, 258 Ga. 736 (2) (374 SE2d 188) (1988).

12. There was no abuse of discretion in the denial of continuance. *O'Neal v. State*, 254 Ga. 1 (2) (325 SE2d 759) (1985).

13. The state is not limited to presenting evidence of *statutory* aggravating circumstances, see OCGA § 17-10-30 (b) (1) through (b) (10), at the sentencing phase of the trial. *Hicks v. State*, 256 Ga. 715, 727 (19 a) (352 SE2d 762) (1987).

14. The defendant moved for a mistrial when Dorothy Hightower's brother on three occasions referred to the homicides as murders, despite cautionary instructions from the court. The testimony of the witness was not so prejudicial as to require a mistrial. *Lee v. State*, 258 Ga. 82, 85 (5) (365 SE2d 99) (1988).

15. There being no evidence that the defendant acted as the result of "a sudden, violent, and irresistible passion," OCGA § 16-5-2, it was not error to refuse to charge the jury on voluntary manslaughter. *Gooch v. State*, 259 Ga. 301 (3) (379 SE2d 522) (1989).

16. The trial court did not err by refusing at the guilt phase of

the trial to instruct the jury on the "defense" of diminished mental capacity as such is not a defense under Georgia law. Cf. *Hicks v. State*, 256 Ga. 715, supra at (16 c).

17. The defendant's requests to charge at the sentencing phase of the trial were substantially covered by the charge given by the court. *Housel v. State*, 257 Ga. 115 (3) (355 SE2d 651) (1987).

18. There was no improper cross-examination of the defendant at the sentencing phase of the trial. *Castell v. State*, 250 Ga. 776, supra at (8 b).

19. Where a witness testifies under oath and is subject to cross-examination, prior statements of the witness are admissible over a hearsay objection. *Cuzzort v. State*, 254 Ga. 745 (334 SE2d 661) (1985). Enumeration of error number 47 is without merit.

20. It is not error to allow a witness who has not been sequestered to testify in rebuttal. *Hanvey v. State*, 68 Ga. 612 (3) (1882). See also *Jefferson v. State*, 256 Ga. 821, 825 (6) (353 SE2d 468) (1987).

21. After the conclusion of closing arguments and the charge at the sentencing phase of the trial, the court informed counsel:

> One of the ladies on the jury has told me that one of the other jurors has told her that no matter what anybody said, she'd already made up her mind. Did not say which way she'd made up her mind. I, I, you know, have no suggestion as to how we should proceed on that. I frankly don't know how we should proceed.

The defendant's attorney initially stated that he did not think there was anything that could be done. However, immediately after the court gave the jury brief supplemental instructions, the defendant moved for a mistrial. The trial court denied the motion, noting that two alternates were available. The defendant did not object further, or move to excuse the juror and replace her with an alternate. There was no abuse of discretion. *Mulkey v. State*, 250 Ga. 444, 446 (3) (298 SE2d 487) (1983).

22. That the defendant was indicted before counsel was appointed was no ground to quash the indictment.

23. The evidence supports the jury's findings of statutory aggravating circumstances. See Division 5, ante. OCGA § 17-10-35 (c) (2). We do not find that the sentences of death were imposed under the influence of passion, prejudice, or other arbitrary factor. OCGA § 17-10-35 (c) (1). The sentences of death are neither excessive nor disproportionate to penalties imposed in similar cases, considering the crime and the defendant. OCGA § 17-10-35 (c) (3). The similar cases listed in the Appendix support the imposition of death sentences in this case.

*Judgment affirmed. All the Justices concur.*

APPENDIX.

*Lee v. State,* 258 Ga. 762 (374 SE2d 199) (1988); *Lonchar v. State,* 258 Ga. 447 (369 SE2d 749) (1988); *Frazier v. State,* 257 Ga. 690 (362 SE2d 351) (1987); *Ford v. State,* 257 Ga. 461 (360 SE2d 258) (1987); *Romine v. State,* 256 Ga. 521 (350 SE2d 446) (1986); *Cargill v. State,* 255 Ga. 616 (340 SE2d 891) (1986); *Finney v. State,* 253 Ga. 346 (320 SE2d 147) (1984); *Putman v. State,* 251 Ga. 605 (308 SE2d 145) (1983); *Wilson v. State,* 250 Ga. 630 (300 SE2d 640) (1983); *Burden v. State,* 250 Ga. 313 (297 SE2d 242) (1982); *Rivers v. State,* 250 Ga. 303 (298 SE2d 1) (1982); *Rivers v. State,* 250 Ga. 288 (298 SE2d 10) (1982); *Mathis v. State,* 249 Ga. 454 (291 SE2d 489) (1982); *Waters v. State,* 248 Ga. 355 (283 SE2d 238) (1981); *Peek v. State,* 239 Ga. 422 (238 SE2d 12) (1977); *Young v. State,* 239 Ga. 53 (236 SE2d 1) (1977).

DECIDED NOVEMBER 30, 1989 —
RECONSIDERATION DENIED DECEMBER 22, 1989.

*Waddell, Emerson, George & Buice, Hulane E. George, B. Carl Buice,* for appellant.

*Joseph H. Briley, District Attorney, Michael J. Bowers, Attorney General, C. A. Benjamin Woolf,* for appellee.