## S90A1265. ALEXANDER v. THE STATE.
(401 SE2d 7)

CLARKE, Chief Justice.

Randy D. Alexander was convicted of malice murder, armed robbery and possession of a knife during the commission of a crime.[1] We find no error and affirm the convictions and sentences.

Alonzo Williams left his home at 12:30 a.m. on July 15. Fifty minutes later he was found lying in a pool of blood near his car, which had rolled off the road with the engine running and lights on. He died of a single stab wound to the throat. At 2:00 a.m. on the same night, appellant Alexander appeared at his cousins' house wearing only his underwear. He appeared nervous, but was not injured or bleeding. He told his cousins that he had been jumped by some men who stole his clothes. When he was picked up for questioning, Alexander admitted that he was present at the scene and had stabbed his knife at the victim, possibly injuring him in the chest. He also admitted that he owned the knife that was found at the scene.

1. Appellant first contends that the trial court erred in not granting his motion for discovery and production of evidence. Although the court never ruled on the motion, the state did comply with the requirements of OCGA §§ 17-7-210 and 17-7-211 by producing copies of scientific reports and statements made by defendant while in police custody. Alexander complains, however, that he should have had pre-

---

[1] The crime occurred on July 14-15, 1989. Appellant was indicted on March 5, 1990. He was convicted of malice murder, armed robbery and possession of a knife during the commission of a crime on April 16, 1990. He was sentenced to life imprisonment for the murder, to 20 years for armed robbery, and to five years for the possession of a knife during the commission of a crime, all to run consecutively. No motion for new trial was filed. The notice of appeal was filed May 11, 1990. The case was docketed in this court June 26, 1990. The case was submitted for decision without oral argument on August 10, 1990.

trial access to certain physical evidence and to police photographs of the crime scene. The photographs were introduced at trial without objection.

Alexander has not demonstrated that any of the evidence that was not produced before trial was exculpatory in any way. Therefore, production was not required by *Brady v. Maryland*, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963). *Hightower v. State*, 259 Ga. 770 (386 SE2d 509) (1989). Further, the evidence was produced, albeit after trial began. Alexander has not explained how earlier access to the evidence might have benefitted his case. He has failed to meet his burden of establishing that he was denied beneficial evidence of such importance that he did not receive a fair trial. *Parks v. State*, 254 Ga. 403 (330 SE2d 686) (1985).

2. Alexander next asserts one of the jurors was not statutorily qualified to serve because she is married to his wife's uncle. This relationship is insufficient to disqualify the juror for cause under OCGA § 15-12-135. A criminal defendant is considered related by marriage to blood relatives of his wife, but not to people that his wife is related to only by marriage. *Garrett v. State*, 203 Ga. 756 (48 SE2d 377) (1948).

3. In his next enumerations of error, Alexander contends that the trial court erred in failing to direct a verdict of acquittal on each count of the indictment. The trial court committed no error. There was substantial evidence presented at trial in support of each element of each offense charged. We conclude that evidence adduced at trial, when viewed in a light most favorable to the verdict, authorized a rational trier of fact to find the defendant guilty of each crime charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 28, 1991.

*Augustus B. Jones III*, for appellant.

*H. Lamar Cole, District Attorney, Bradfield M. Shealy, Assistant District Attorney, Michael J. Bowers, Attorney General, Mary H. Hines*, for appellee.