## S94A1554. DUQUETTE v. THE STATE.

(454 SE2d 500)

BENHAM, Presiding Justice.

This appeal is from appellant's conviction of murder.[1] The evidence shows without dispute that appellant shot and killed his wife on the morning of November 15, 1992, while she was in bed. Evidence at trial authorized the jury to find the following as facts. Appellant and his wife had been separated for some months. Although she had been involved with another man during that time, she and appellant were considering reconciliation. On November 12, appellant and the victim and her mother bought a home pregnancy test because the victim feared she might be pregnant by the other man (the test showed she was not) and registered the victim for a human immuno-deficiency virus test because the other man had told her once that he had tested positive for HIV. On November 13, appellant bought a .38 handgun,[2] telling the seller that he was doing so for his wife's protection. In the preceding weeks, appellant, who had never expressed an interest in firearms, had looked at rifles and shotguns several times in the store where he eventually bought the pistol, and had confided in a friend that he was thinking of killing his wife. On the evening of the day that appellant bought the gun, he stayed home with the children while his wife accompanied her mother and her step-father (appellant's father) to a party at a hunting lodge. They all stayed there overnight, as did the man with whom the victim had been involved. The next evening, the night before the killing, appellant and the victim smoked marijuana, danced, bathed and ate together, and then went to bed around 3:30 a.m. A neighbor testified that he heard a shot from appellant's mobile home around 9:00 a.m., then two more around 9:30 a.m., after which he saw appellant outside, leaning on his mobile home and talking to himself. Appellant subsequently took his children and left for Florida, then returned to Georgia where he turned himself in to the police. In his initial statement to the police, appellant said the victim shot herself once and then begged him to "finish her off," which he did. In a second statement, appellant admitted shooting at the victim three times, missing the first time and then shooting her in the head twice. He testified at trial that he did not remember the events of that morning other than scattered im-

---

[1] The crime was committed on November 15, 1992, and appellant turned himself in to authorities on November 18, 1992. He was indicted on February 17, 1993, for murder and possession of a firearm during commission of a crime, and was convicted of both offenses on December 9, 1993, following a jury trial commenced on December 6, 1993. A motion for new trial filed December 22, 1993, was withdrawn pursuant to an order filed April 14, 1994. A notice of appeal was filed May 11, 1994; the case was docketed in this court on July 11, 1994; and the appeal was submitted following oral argument on October 18, 1994.

[2] The pistol was a Model 48 Brayco/Jennings, .380 caliber.

pressions which did not include firing the fatal shots.

1. The evidence adduced at trial was sufficient to authorize a rational trier of fact to find appellant guilty of murder beyond a reasonable doubt. *Hightower v. State*, 259 Ga. 770 (1) (386 SE2d 509) (1989); *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant testified at trial that he did not remember the shooting. His defense was insanity, but he also asked for a charge on voluntary manslaughter. The trial court's refusal to give the request is appellant's sole enumeration of error.

In support of his request for a charge on voluntary manslaughter, appellant relied on the evidence of marital discord presented during trial and on the proffered testimony of a psychologist appointed by the court. That psychologist testified outside the presence of the jury that appellant was provoked by an accumulation of stress relating to his relationship with his wife which he held in until he "blew." However, there was no evidence that appellant "blew," that he acted "solely as the result of a sudden, violent, and irresistible passion resulting from serious provocation sufficient to excite such passion in a reasonable person. . . ." OCGA § 16-5-2. Appellant's testimony was that he did not remember the shooting and he did not remember being angry at the victim. "This is not evidence of 'passion,' [cit.], and voluntary manslaughter is not applicable to these facts and need not have been charged. [Cits.]" *Burger v. State*, 238 Ga. 171 (2) (231 SE2d 769) (1977). See also *Hightower v. State*, supra, Div. 5; *Gooch v. State*, 259 Ga. 301 (3) (379 SE2d 522) (1989); *Swett v. State*, 242 Ga. 228 (1) (248 SE2d 629) (1978). There being no evidence that appellant acted "solely as the result of a sudden, violent, and irresistible passion . . . ," the trial court did not err in refusing to give the requested charge on voluntary manslaughter.

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 13, 1995.

*John V. Lloyd,* for appellant.
*Spencer Lawton, Jr.,* District Attorney, *David E. Langford,* Assistant District Attorney, *Michael J. Bowers,* Attorney General, *Susan V. Boleyn,* Senior Assistant Attorney General, *Marla-Deen Brooks,* Assistant Attorney General, for appellee.