A95A0476. SPENCER v. THE STATE.

(458 SE2d 886)

RUFFIN, Judge.

Elizabeth Spencer appeals from the judgment entered on her conviction and sentence for trafficking in cocaine. As her sole enumeration of error, she contends the evidence did not support the verdict.

Viewed in a light to support the verdict, the evidence shows that during an undercover drug investigation of the apartment Spencer shared with co-defendant Luis Perez-Corona, the police observed numerous people going into the apartment, staying a few minutes and leaving. On one occasion, a confidential informant wearing an electronic transmitter made a drug purchase from a woman in the apart-

ment. The police obtained a search warrant and upon entering the apartment found Perez sitting on a sofa and Spencer in the bedroom. The police seized two aspirin bottles from between the sofa cushions containing suspected crack cocaine. On an outside balcony, the police found an ice cooler containing two leather waist bags. One bag contained a large amount of cash, and the other contained a substance identified as 28.3 grams of cocaine with a purity of 68 percent. In the bedroom, the police found postal scales, syringes, razor blades and a soda can adapted for use as a crack pipe.

At trial, Perez admitted telling a police officer and the prosecutor that Spencer taught him about crack cocaine, its cost and how to sell it; that the cocaine discovered on the balcony was given to them to sell by Spencer's friend; and that the majority of their customers were Spencer's friends.

Spencer, an admitted crack addict, testified in her own defense and denied knowledge of the cocaine on the balcony. She also testified that had she known about the cocaine and money on the balcony, she would have taken them.

On appeal, Spencer contends her conviction, based on circumstantial evidence, was not supported by the evidence.

"To support the verdict, circumstantial evidence must only exclude reasonable hypotheses; it need not exclude every inference or hypothesis except that of the defendant's guilt. [Cit.] Viewing the evidence of this case in a light most favorable to the verdict, we conclude the jury rationally could have found that it excluded every reasonable hypothesis except that of the defendant's guilt. Review of the transcript reveals ample evidence from which any rational trier of fact could have found beyond a reasonable doubt that [Spencer] was guilty of the offenses of which [she] was found guilty. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560)." *Murray v. State*, 203 Ga. App. 858, 864-865 (8) (418 SE2d 624) (1992).

*Judgment affirmed. Beasley, C. J., and Pope, P. J., concur.*

DECIDED JULY 5, 1995.

*Lyle K. Porter*, for appellant.
*Daniel J. Porter, District Attorney, Karen E. Reed, Assistant District Attorney*, for appellee.

