A95A2487. HOOKER v. THE STATE.
(466 SE2d 270)

McMURRAY, Presiding Judge.

Defendant Hooker appeals his conviction of the offense of cruelty to children. *Held*:

1. Defendant challenges the sufficiency of the evidence to authorize his conviction. The evidence stated in the light most favorable to upholding the jury's verdict shows that defendant had been dating the mother of the 14-month-old victim for several months when the incident at issue occurred. After defendant met and began dating the victim's mother, a dramatic change in the victim's behavior had been noted, the child became frightened of all men except his natural father. When defendant picked the victim up from his babysitter's house, the victim would cry and not want to leave. Defendant expressed his jealousy of the victim and was seen roughly handling the victim. The crime of which defendant is convicted occurred while defendant was changing the victim's diaper. Although defendant rarely changed the victim's diaper on this particular occasion he insisted on doing so. While defendant was changing the diaper, the victim's mother heard the child scream "like something hurt him right then" and went to investigate. The victim was diapered when she arrived at the bedroom. When asked what he had done, defendant replied "nothing." After some argument with the victim's mother, defendant left as the victim's grandparents arrived. In the following hours, the victim clung to his mother, and would not eat or interact with his grandmother. After a few hours, at the next diaper changing, the vic-

tim was found to have a one-half centimeter bruise on the head of his penis. The bruise was a bad one and was bleeding. The victim was taken to a hospital for examination. The examining physician opined that the injury was caused by a discrete blunt force, a pinching action, and that it was unlikely a child of the victim's age could muster sufficient force to create the bruise. In his statement to police, defendant stated the victim's penis was already injured when he changed the diaper. But at trial defendant testified that the victim's penis was uninjured when he changed the diaper and that the child had "hollered out" in anger when he had pulled the victim's hand away from his penis. Defendant attempted to persuade the victim's mother not to take the victim to the hospital.

Defendant contends that the evidence, which was circumstantial, failed to exclude every reasonable hypothesis other than his guilt. This is generally a question for a jury and we conclude the jury rationally could have found that the evidence at trial excluded every reasonable hypothesis except that of the defendant's guilt. *Spencer v. State*, 217 Ga. App. 708, 709 (458 SE2d 886). There was ample evidence from which a rational trier of fact could find that defendant was guilty beyond a reasonable doubt of the offense of which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. The remaining enumeration of error complains of the State recalling, for the purpose of rebuttal, two witnesses who had remained in the courtroom after their testimony and heard all of the defense evidence. But "[i]t is not error to allow a witness who has not been sequestered to testify in rebuttal. [Cits.]" *Hightower v. State*, 259 Ga. 770, 774 (20) (386 SE2d 509). Nor is there merit in defendant's contention that the testimony given by witness Greene was not proper rebuttal evidence.

*Judgment affirmed. Andrews and Blackburn, JJ., concur.*

DECIDED DECEMBER 19, 1995.

*H. Darrell Greene*, for appellant.
*Thomas J. Charron, District Attorney, Frank R. Cox, Debra H. Bernes, Nancy I. Jordan, Assistant District Attorneys*, for appellee.