S99A1308. ALLEN v. THE STATE.
(521 SE2d 190)

HUNSTEIN, Justice.

Appellant Amanda Allen was convicted of malice murder and felony murder and sentenced to life imprisonment.[1] She appeals from her conviction and the denial of her motion for new trial claiming ineffective assistance of counsel and error in the jury charge. Finding no error, we affirm.

1. Reviewed in the light most favorable to the verdict, the evidence presented at trial shows that the victim, Terry Oliver, was involved in an adulterous affair with Allen's mother. On the evening of March 27, 1998, Oliver gave Allen a ride to the store. As they returned to Allen's apartment, Allen fatally shot Oliver twice in the head, once in the chest, and once in the forearm. The forensic pathologist testified that the two head wounds were press contact wounds, indicating that the gun was in contact with the head when it was fired and would have instantly paralyzed Oliver in the few moments before his death. Allen's mother told police that Allen had threatened to harm Oliver if he did not end the affair and that on the night of the shooting Allen confessed that she shot the victim. The evidence was sufficient to enable a rational trier of fact to find proof of Allen's guilt of the charged offenses beyond a reasonable doubt. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Allen's trial counsel was not ineffective under *Strickland v. Washington,* 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). "In order to establish that trial counsel's performance was so defective as

---

[1] The crimes occurred on March 27, 1998. Allen was indicted by a DeKalb County grand jury on July 17, 1998. She was tried by a jury on October 27-30, 1998 and found guilty of malice murder and felony murder on October 30, 1998. That same day, the trial court vacated the felony murder conviction by operation of law and sentenced Allen to life imprisonment for malice murder. Allen filed a motion for new trial on November 18, 1998 which was denied on April 14, 1999. Her notice of appeal was filed on May 12, 1999 and docketed in this Court on June 8, 1999. The appeal was submitted for decision on the briefs on August 2, 1999.

to require a new trial, [Allen] must show that counsel's performance was deficient and that the deficient performance so prejudiced [Allen] that there is a reasonable likelihood that, absent counsel's errors, the outcome of the trial would have been different. [Cit.]" *Roberts v. State*, 263 Ga. 807, 807-808 (2) (439 SE2d 911) (1994). There is a strong presumption that counsel's conduct fell within a broad range of reasonable professional conduct. Id.

Allen complains her trial counsel was ineffective in that she was unprepared for trial, failed to interview key State witnesses, lost her right to close final arguments by calling three witnesses with no pertinent information, and failed to file written requests to charge on voluntary manslaughter, self-defense or accident.[2] Pretermitting the issue of whether counsel's performance was deficient, Allen has not satisfied her burden of proving actual prejudice. In her recorded statement, Allen admitted shooting the victim and leaving him in the vehicle where he died. Allen's mother told police that Allen previously had threatened the victim, that on the night of the shooting she saw Allen walking away from the vehicle with blood on her clothing and that Allen admitted she shot the victim. Although Allen argued that the shooting was accidental or justified, the physical evidence and expert testimony contradicted her description of events, establishing that the victim's head wounds were received while the gun was pressing against the victim's head and caused almost immediate paralysis. Under these circumstances, Allen cannot demonstrate a reasonable probability that, but for the assumed deficient representation by counsel, the outcome of her trial would have been different. See *Strickland*, supra, 466 U. S. at 694.

3. Citing *Edge v. State*, 261 Ga. 865 (414 SE2d 463) (1992), Allen contends the trial court erred in failing to admonish the jury that if it found provocation and passion, it could not find Allen guilty of felony murder. The holding in *Edge* was designed to prevent juries from finding a defendant guilty of felony murder without considering the possibility of a defendant's guilt of voluntary manslaughter. Id. at 867. In this case, the trial court defined malice murder and felony murder and instructed the jury that voluntary manslaughter is a lesser included offense of both offenses. The trial court then cautioned the jury that it was to consider voluntary manslaughter with respect to both malice murder and felony murder and, in response to a jury question, told the jury it must return a verdict on each count of the indictment and must consider the lesser-included offense of voluntary manslaughter as to each count. The trial court's charge, as

---

[2] Although not requested in writing, the trial court properly included such charges in its instructions to the jury.

given, did not violate *Edge*.

We also find no error in the trial court's omission of the word "felony" in a portion of its charge on felony murder. Taken as a whole, the trial court's charge clearly defined the offenses set out in the indictment and properly set forth the issues to be decided by the jury. See *Berry v. State*, 267 Ga. 476 (3) (480 SE2d 32) (1997) (charge must be considered as a whole).

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 20, 1999.

*Virginia W. Tinkler*, for appellant.

*J. Tom Morgan, District Attorney, Barbara B. Conroy, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Jeanne K. Strickland, Assistant Attorney General,* for appellee.