## S01A1809. GRAHAM v. THE STATE.
### (558 SE2d 395)

BENHAM, Justice.

Appellant Alexander Graham III was found guilty of and sentenced for the malice murder of Derek Folston and for possession of a firearm during the commission of a crime.[1] After reviewing the rec-

---

[1] The crimes occurred on December 13, 1997, and appellant was arrested on January 1,

ord and transcript in light of appellant's enumeration of errors, we affirm the judgment of conviction entered against him.

1. The State presented evidence that the victim was shot in the thigh from more than two to three feet away and suffered a fatal bullet wound to his stomach when the gun was fired with its muzzle in contact with his clothing. A companion with the victim testified that the car in which he and the victim were driving suffered mechanical failure near midnight and the victim had steered it into a closed gas station, raised the hood, and was working on the engine when the witness heard shots fired and the victim scream. The witness saw the victim and a man he identified as appellant wrestling for possession of a gun, heard two more shots, and saw the victim fall to the ground. Appellant then drove away from the scene. The victim's sister testified that appellant had driven by the Folston home six months earlier and had fired shots at the occupied house. According to the victim's sister, two days after that incident, appellant had accosted the witness and her brother, pointed a gun at them, and threatened to kill them.

Appellant's sister testified that the victim and two of his brothers had driven by the Graham home on the same day appellant had purportedly threatened the victim and his sister, and fired shots into that occupied home. Appellant testified that, the night the victim was killed, appellant was using a phone booth near the gas station when the victim drove by and stopped. Appellant saw the victim exit the car and, fearing the victim had a gun, appellant fired his gun twice at the victim in order to scare him. When appellant next looked back, the victim had reached him and grabbed the hand in which he was holding his gun. According to appellant, the two struggled over the gun and the gun went off two more times, resulting in the victim's fatal wound.

The jury was instructed on the law of justification and "[w]hether the circumstances of the confrontation between the victim and appellant were such as to excite the fears of a reasonable person that he had to use deadly force in order to prevent the use of deadly force against him is a question for the jury." *Andrews v. State*, 267 Ga. 473 (1) (480 SE2d 29) (1997). The evidence was sufficient for a rational trier of fact to conclude beyond a reasonable doubt that

1998. The Chatham County grand jury returned a true bill of indictment against appellant on March 25, 1998, and he was tried before a jury on February 22-25, 1999. The jury returned its guilty verdicts on February 25, and appellant was sentenced on March 3 to life imprisonment for murder and a consecutive five-year sentence for the weapons conviction. Appellant filed a motion for new trial on February 26 and March 15, 1999, and an amended motion for new trial on September 5, 2000. The trial court denied the motion on June 29, 2001, and a timely notice of appeal was filed on July 9. The case was docketed in this Court on August 29 and submitted for decision on the briefs.

appellant shot and killed the victim with malice aforethought. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Andrews v. State*, supra.

2. Contending that the criteria of *Williams v. State*, 261 Ga. 640 (409 SE2d 649) (1991), were not met, appellant maintains the trial court erroneously permitted the State to introduce the evidence of the prior acts of violence committed by appellant against the victim, i.e., the shooting at the victim's occupied home and pointing a gun at the victim and his family and threatening to kill them. However, it is not necessary for the trial court to conduct a pre-trial hearing and make the *Williams'* findings before evidence of prior difficulties between the victim and the defendant is admissible since evidence of a defendant's prior acts toward the victim is admissible because the prior acts are evidence of the relationship between the two and may show the defendant's motive, intent, and bent of mind in committing the act for which he is being tried. *Wall v. State*, 269 Ga. 506 (2) (500 SE2d 904) (1998). Accordingly, the admission of the evidence was not error. *Pye v. State*, 269 Ga. 779 (7) (505 SE2d 4) (1998).

3. Appellant next complains that the trial court erred when it refused to let him present evidence of specific acts of violence purportedly committed by the victim against third parties. The evidence of the victim's acts of violence against third parties is admissible when the defendant claims justification, follows procedural requirements, establishes the existence of the prior violent acts by competent evidence, and makes a prima facie showing of justification. *Laster v. State*, 268 Ga. 172 (2) (486 SE2d 153) (1997). A prima facie case of justification is established by showing that the victim was the aggressor, the victim assaulted the defendant, and the defendant was honestly trying to defend himself. *Phillips v. State*, 271 Ga. 489 (2) (521 SE2d 573) (1999). Appellant's testimony that he thought the victim had a gun and that he fired at the victim to scare him did not establish that the victim was the aggressor. See *Walden v. State*, 267 Ga. 162 (2) (a) (476 SE2d 259) (1996). Accordingly, appellant did not establish a prima facie case of justification, and the trial court did not err when it did not permit the introduction of specific acts of violence committed by the victim against third parties. Id.

4. Lastly, appellant asserts he is entitled to a new trial because a comment made during voir dire by a venire person who was subsequently excused for cause was allegedly inherently prejudicial and deprived appellant of his right to begin his trial with a jury free from even a suspicion of prejudgment or fixed opinion. See *Sharpe v. State*, 272 Ga. 684 (5) (531 SE2d 84) (2000); *Lingerfelt v. State*, 147 Ga. App. 371 (1) (249 SE2d 100) (1978). Appellant did not object to the panel, move to disqualify the panel, move for a continuance to get another panel, move for mistrial, or request curative instructions. Compare

*Loftus v. State*, 230 Ga. App. 582 (2) (497 SE2d 60) (1998) (motion to excuse the panel denied); *Moore v. State*, 156 Ga. App. 92 (1) (274 SE2d 107) (1980) (motion for continuance denied); *Lingerfelt*, supra (motion for mistrial denied). "The trial court did not abuse its discretion in the control of the voir dire by failing to give the appellant relief for which he did not ask." *Roberts v. State*, 259 Ga. 441 (2) (383 SE2d 872) (1989).

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 14, 2002.

*Richard M. Darden*, for appellant.

*Spencer Lawton, Jr.,* District Attorney, *Christine S. Barker,* Assistant District Attorney, *Thurbert E. Baker,* Attorney General, *Tammie J. Philbrick,* Assistant Attorney General, for appellee.