## S02A0777. PRATHER v. THE STATE.
(564 SE2d 447)

BENHAM, Justice.

Appellant Michelle Lynn Prather was convicted of malice murder, possession of a firearm by a convicted felon, and theft by taking in connection with the shotgun slaying of Thomas Christy and the theft of his car, his shotgun, and $380 in cash.[1] After reviewing the enumerations of error raised on appeal, we affirm the judgment of conviction.

1. On February 18, 1999, Thomas Christy was found dead in his bed, having bled to death from a shotgun wound to his chest. The forensic pathologist who performed the autopsy testified the shotgun blast left an entrance wound two inches in diameter, "shredded" the victim's heart, lacerated his lungs, diaphragm, and liver, and fractured three ribs. Chemical testing of objects in the victim's home revealed the presence of blood spatters in the family room 64 feet from where the body was found, and detected the former presence of

---

[1] The victim was killed on February 18, 1999, and appellant was arrested the same day. She was charged with malice murder, two counts of felony murder, aggravated assault, and the possession and theft charges in an indictment filed August 20, 1999. The trial commenced on March 26, 2001, and concluded with the jury's return of guilty verdicts on all counts on March 29. Appellant was sentenced on March 30 to life imprisonment for the malice murder conviction and to consecutive terms of twenty years and five years respectively for the theft and the possession convictions. A motion for new trial, filed on March 30, 2001, and amended August 24, was denied September 5. A notice of appeal was timely filed September 26, and the appeal was docketed in this Court on February 7, 2002. It was submitted for decision on the briefs.

a large amount of blood on a family-room couch cushion that had been wiped clean. The telephone in the bedroom where the victim was found had been ripped from the wall, and the handset to the kitchen phone was missing. On the same day the body was found, appellant was arrested after she was involved in an auto accident while driving the victim's car. In the car was a shotgun, a cordless phone handset that matched the phone base found in the victim's house, and a phone that matched the telephone cord that was in the victim's bedroom. Appellant told the arresting officer she had had a fight with the victim; the officer found no evidence of fresh bruises on appellant. Appellant testified at trial she had shot the victim in self-defense in his home after he had struck her with a stick used to secure a sliding glass door and had continued to come after her with the stick. She said that after she shot the victim, she put his body on a rug, pulled him from the family room into the bedroom where she put him in bed, told a real estate agent who called that the victim was no longer interested in selling his home, took the telephones and the shotgun from the victim's house, and drove away in the victim's car. The evidence was sufficient to authorize a rational trier of fact to conclude beyond a reasonable doubt that appellant was guilty of the crimes charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant contends the trial court committed reversible error when it denied her request to admit evidence of the victim's purported act of violence against a third party. At a pre-trial hearing, appellant called as a witness a female friend of the victim who testified that, sometime in the six weeks before the victim was killed, she had visited him in his home and found him "slobbering" drunk with a shotgun on the floor. The witness stated the inebriated victim picked up the shotgun and waved it about, at times pointing it at her. Fearing that the victim's drunken state would result in the gun being fired accidentally, the witness repeatedly asked the victim to put the gun down. The victim dropped the gun when he lost his balance, and the witness retrieved the gun and put it in another room. The witness testified the victim displayed no signs of anger and that she and the victim were not arguing at the time of the incident. The trial court entered a written order in which it ruled that the proffered evidence was not admissible at that time because the proffered act did not show "the victim's violent nature or tendency to commit violence. . . ." At trial, outside the presence of the jury, appellant proffered the testimony of the victim's neighbor who recalled seeing the witness exit the victim's house yelling at the victim that she would not re-enter until he put the gun down. The trial court declined to change its earlier ruling regarding the admissibility of the evidence.

Generally, the character of the homicide victim is not relevant or

admissible in the trial of the defendant charged with killing the victim since it is "as unlawful to kill a violent person as to kill a nonviolent person." *Harrison v. State*, 251 Ga. 837 (3) (310 SE2d 506) (1984). See also *Johnson v. State*, 270 Ga. 234 (3) (507 SE2d 737) (1998). However, evidence of a victim's specific acts of violence against third parties is admissible when a defendant claims justification and makes a prima facie showing thereof, follows procedural requirements, and establishes the existence of the prior violent acts by competent evidence. *Graham v. State*, 274 Ga. 696 (3) (558 SE2d 395) (2002). This exception to the general rule has been carved out in order that one claiming to have acted in self-defense can show the victim's character for violence or the victim's tendency to act in accord with that character as it relates to the claim of justification. *Barber v. State*, 268 Ga. 156 (2) (486 SE2d 353) (1997). The burden is on the proponent of the evidence to establish that the victim's prior acts involved violence. *Bennett v. State*, 265 Ga. 38 (3) (453 SE2d 458) (1995). Pretermitting any discussion on whether an individual's "character" for violence can be established by means of evidence of a single prior event (see *Henderson v. State*, 234 Ga. 827 (1) (218 SE2d 612) (1975)), is the fact that the evidence of the singular event proffered by appellant did not establish that the victim had a violent character, but only that the victim handled a firearm irresponsibly when he was drunk. See *Smith v. State*, 270 Ga. 240 (4) (510 SE2d 1) (1998) (carrying gun and soliciting help to commit an armed robbery are not specific acts of violence); *Bennett v. State*, supra, 265 Ga. 38 (3) (prior convictions for burglary and obstruction of an officer did not involve acts of violence); *Anderson v. State*, 228 Ga. App. 453 (2) (491 SE2d 893) (1997) (verbal confrontations between parents and their children's school bus driver were not specific acts of violence). Compare *Barber v. State*, supra, 268 Ga. at 158 (acts of forcibly molesting and sexually assaulting young men and boys involved violence).[2]

3. Appellant also contends the trial court allowed impermissible hearsay testimony when it allowed the female friend of the victim to testify that, in a phone conversation the night before he was killed,

---

[2] We note that our decision in *Lowe v. State*, 267 Ga. 410 (5) (a) (478 SE2d 762) (1996) has been cited for the proposition that "threats and menaces" by the victim are insufficient to show acts of violence. See *Smith v. State*, supra, 270 Ga. at 243; *Hammond v. State*, 233 Ga. App. 613, 615 (504 SE2d 768) (1998); *Anderson v. State*, supra, 228 Ga. App. at 458. In *Lowe*, the *trial court* determined that testimony concerning the victim's threats and menaces toward third parties was irrelevant. This Court did not review the trial court's exclusion of the evidence as irrelevant. Instead, this Court reviewed Lowe's contention that trial counsel rendered ineffective assistance of counsel when he failed to provide sufficient pre-trial notice of the intent to present evidence of the victim's specific acts of violence against third parties, and concluded there was no reasonable likelihood that, but for counsel's purported failure, the trial's outcome would have been different since the trial court still would have excluded the testimony as irrelevant.

the victim had "indicated he was . . . a little scared and upset." The witness did not elaborate as to what had caused the victim to be scared and upset. Even if we were to assume it was error to allow the testimony, appellant has not set forth and we have been unable to determine the harm that resulted from the witness's testimony. In order to have reversible error, there must be harm as well as error and the lack of harm makes this enumeration of error without merit. *Wood v. State*, 243 Ga. 273 (5) (253 SE2d 751) (1979).

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 10, 2002.

*Mitchell D. Durham*, for appellant.

*Patrick H. Head, District Attorney, Amelia G. Pray, Timothy B. Lumpkin, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Madonna M. Heinemeyer, Assistant Attorney General*, for appellee.