## A07A1341. HAYLES v. THE STATE.
### (651 SE2d 860)

ADAMS, Judge.

After a jury found Winston Hayles guilty of voluntary manslaughter, aggravated stalking and other crimes arising from the shooting death of a friend of his girlfriend, he was convicted and sentenced to 35 years to serve. On appeal, Hayles argues that the trial court erred when it charged the jury on voluntary manslaughter, aggravated stalking, and unjustifiable self-defense and when it admitted similar transaction evidence. Hayles also asserts that trial counsel was ineffective. We find no error and affirm.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, with the defendant no longer enjoying a presumption of innocence. *Reese v. State*, 270 Ga. App. 522, 523 (607 SE2d 165) (2004). We neither weigh the evidence nor judge the credibility of witnesses, but determine only whether the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

So viewed, the record shows that on June 6, 2005, Hayles was living with his girlfriend and her five children as well as his own four children when the girlfriend's sixteen-year-old daughter reproached Hayles for hitting her mother. In the course of the altercation that followed, Hayles struck his girlfriend again and knocked the daughter unconscious with a gun. Hayles was arrested and charged with domestic battery, a condition of his bond being that he could not contact his girlfriend or go to her house, job, or school without a police escort.

A few days later, on the evening of June 15, 2005, the girlfriend asked a male friend to take her daughter to the grocery store, which he did. In the meantime, Hayles, who had been drinking, arrived at the girlfriend's house without an escort. Hayles then entered the room where the girlfriend was talking to the friend on the telephone, demanded to know who she was talking to, grabbed the telephone,

and told the friend that "when you come, I'll deal with you." Hayles asked the girlfriend if he could return to the house to live, but she refused, telling him that their relationship was over. Hayles began to cry, saying that he had nowhere to go. The friend soon returned to the house, leaving his car running while he dropped off the daughter and the groceries. When the girlfriend again alluded to the end of the couple's relationship, Hayles called the friend a "pussy whore," pulled a gun out of his pants, and fired two shots, hitting the friend once in the chest. The victim, whose single responding shot went awry, died from the wound.

After a chase during which he rammed a patrol car from behind, Hayles was arrested and charged with crimes including malice murder (Count 1), felony murder (Counts 2 and 3), aggravated assault (Count 4), aggravated stalking (Count 5), attempting to elude an officer (Count 6), interference with government property (Count 7), obstruction (Counts 8 and 9), battery (Count 10), cruelty to children (Count 11) and possession of marijuana (Count 12). The jury found Hayles guilty of voluntary manslaughter as a lesser included offense under Counts 2 and 3 as well as aggravated assault, aggravated stalking, one count of obstruction, battery, cruelty to children, and possession of marijuana. The aggravated assault and aggravated stalking counts and one of the voluntary manslaughter counts merged into a single voluntary manslaughter conviction. Hayles's motion for new trial was denied.

1. Hayles first argues that the trial court erred in charging the jury on voluntary manslaughter, aggravated stalking, and unjustifiable self-defense. We disagree.

(a) Under OCGA § 16-5-2 (a), a person commits voluntary manslaughter when he kills another person in "a sudden, violent, and irresistible passion resulting from serious provocation sufficient to excite such passion in a reasonable person."

> Although the jury is the judge of whether there was an interval between the provocation and the killing sufficient for the voice of reason and humanity to be heard, it is a question of law for the courts to determine whether there is slight evidence that the defendant acted as the result of sudden, violent and irresistible passion resulting from serious provocation.

*Henderson v. State*, 234 Ga. 827, 831 (2) (218 SE2d 612) (1975). Hayles himself requested a charge on the subject, and thus cannot complain on appeal. See *Gooch v. State*, 259 Ga. 301, 303 (3), n. 2 (379 SE2d 522) (1989) (when requested by defendant, delivery of charge on voluntary manslaughter "cannot be reversible error"). The evidence

supported the conclusion, moreover, that Hayles shot the victim in a fit of jealousy moments after his girlfriend repeated that their relationship was over. The trial court did not err when it gave the charge on voluntary manslaughter, and the evidence was sufficient to sustain Hayles's conviction on that charge. See *Henderson*, 234 Ga. at 831-832 (trial court erred when it refused to deliver charge on record showing slight evidence of provocation); *Jackson*, 443 U. S. 307.

(b) OCGA § 16-5-92 provides that "persons or employees of such persons lawfully engaged in bona fide business activity or lawfully engaged in the practice of a profession" cannot be convicted of aggravated stalking under OCGA § 16-5-90 or § 16-5-91. Even assuming that Hayles drove his work van to his house in order to retrieve some tools for use in his construction business, he could not have done so *lawfully* because a court had barred him from returning to the house without a police escort. The trial court correctly denied Hayles's request to charge on OCGA § 16-5-92.

(c) Under OCGA § 16-3-21 (b), a person is not justified in using force if that person

(1) [i]nitially provokes the use of force against himself with the intent to use such force as an excuse to inflict bodily harm upon the assailant;

(2) [i]s attempting to commit, committing, or fleeing after the commission or attempted commission of a felony; or

(3) [w]as the aggressor or was engaged in a combat by agreement unless he withdraws from the encounter and effectively communicates to such other person his intent to do so. . . .

Where, as here, an instruction recites the language of OCGA § 16-3-21, "giving that instruction is not harmful, even when the exceptions described by subsection (b) do not apply." *Reese*, 270 Ga. App. at 524 (3), citing *Jolley v. State*, 254 Ga. 624, 628 (4) (331 SE2d 516) (1985). There was no error.

2. Hayles next argues that the trial court erred when it admitted the testimony of a woman whose husband was threatened by Hayles with a gun. We disagree.

Before evidence of a similar transaction may be admitted into evidence, the State must make three showings at a Uniform Superior Court Rule 31.3 (B) hearing: that the evidence of the transaction is offered "not to raise an improper inference as to the accused's character, but for some appropriate purpose," including a showing of "malice, intent, motive, or the like"; that there is sufficient evidence

to establish that the accused committed the independent act; and that "there is a sufficient connection or similarity between the independent offense or act and the crime charged so that proof of the former tends to prove the latter." *Williams v. State*, 261 Ga. 640, 642 (2) (b) (409 SE2d 649) (1991). We review a trial court's admission of similar transaction evidence for an abuse of discretion. *Collins v. State*, 242 Ga. App. 450, 453 (2) (529 SE2d 412) (2000). "Showing the defendant's bent of mind and course of conduct are legitimate purposes for the admission of similar transaction evidence." *High v. State*, 271 Ga. App. 388, 390 (1) (b) (609 SE2d 722) (2005).

At trial, a woman testified that when her husband told Hayles that she would not allow him to give Hayles more than the $3,000 already paid for incomplete work on their basement, Hayles replied, "Are you going to let a bitch run your life?" and then pulled out a gun and pointed it at the husband's chest. When the wife pulled her own gun on Hayles and held it within an arm's length of his head, the husband told him that, "My bitch can blow your head off." Hayles put down his gun and left soon afterward.

When the State offered this evidence for the purpose of showing Hayles's tendency to escalate disputes by pulling a weapon first, Hayles objected on the ground that the two disputes were not sufficiently similar. Hayles did not object to the introduction of this evidence at trial, although he moved for a mistrial soon afterward. See *McClarity v. State*, 234 Ga. App. 348, 350 (2) (506 SE2d 392) (1998) (defendant who has obtained an adverse ruling at a USCR 31.3 (B) hearing must reassert his objection when similar transaction evidence is introduced at trial). On appeal, Hayles argues for the first time that the wife's testimony was "falsified" because it varied from the husband's account of the same event.

When it decided to allow the evidence "to show bent of mind and intent," the trial court also found sufficient evidence to establish that Hayles committed the prior act as well as sufficient similarity to the case-in-chief, and added that "the probative value outweighs the prejudicial effect." This was more than sufficient to overcome Hayles's untimely objections at trial and on appeal. See *Crenshaw v. State*, 248 Ga. App. 505, 509 (3) (546 SE2d 890) (2001) (trial court need not make express finding that probative value outweighs prejudice). The trial court did not abuse its discretion, moreover, when it found this incident sufficiently similar in Hayles's propensity to resort to the threat or use of a gun in the face of disappointment, jealousy, or misunderstanding. See *Davis v. State*, 244 Ga. App. 708, 712 (3) (536 SE2d 596) (2000).

3. Finally, Hayles argues that trial counsel was ineffective when he (a) requested a charge on voluntary manslaughter without consulting his client, (b) failed to renew his objection to the admission of

similar transaction evidence, and (c) failed to object to the charge on unjustifiable self-defense.

"To prove an ineffective assistance of counsel claim, [a] defendant must show that trial counsel performed deficiently and that the result of the trial would have been different but for the deficiency." *Fargason v. State*, 266 Ga. 463, 465 (4) (467 SE2d 551) (1996), citing *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). The question of ineffectiveness is a mixed one of both law and fact: "we accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts." *Suggs v. State*, 272 Ga. 85, 87-88 (4) (526 SE2d 347) (2000).

As a preliminary matter, we note that Hayles failed to call counsel to the stand at the hearing on his motion for new trial. Under such circumstances, it has been held "extremely difficult" to overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Boykin v. State*, 264 Ga. App. 836, 841 (5) (592 SE2d 426) (2003).

(a) As we have ruled in Division 1 (a) above, the charge on voluntary manslaughter was justified. In its order denying Hayles's motion for new trial, the court found that in light of the jury's rejection of Hayles's self-defense claim, it was "more than reasonable" for counsel to request a charge on voluntary manslaughter. We also note that at the pretrial hearing concerning Hayles's request to replace him, counsel testified that he had met with Hayles eight or ten times for a total of twenty-one or twenty-two hours, that Hayles's statements to the contrary were "simply not true," and that Hayles had "a difficult time receiving what he considers bad news." Under these circumstances, we refuse to second-guess the trial court's explicit determination that counsel was not ineffective when he requested the voluntary manslaughter charge. See *Dukes v. State*, 264 Ga. App. 820, 824 (5) (a), (g) (592 SE2d 473) (2003) (counsel cannot be ineffective for failing to object to a proper charge, and defendant did not show that he was prejudiced by counsel's alleged failure to consult concerning a defense).

(b) As we have held above, the trial court did not err when it admitted the construction dispute as a similar transaction and when it instructed the jury on unjustifiable self-defense. Counsel could not have been ineffective for failing to make a meritless objection on either of these subjects. See *Hayes v. State*, 262 Ga. 881, 884-885 (3) (c) (426 SE2d 886) (1993).

For all these reasons, the trial court did not err when it denied Hayles's motion for new trial.

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED SEPTEMBER 19, 2007.

*Thomas S. Robinson III*, for appellant.

*Gwendolyn Keyes Fleming, District Attorney, Leonora Grant, Assistant District Attorney*, for appellee.