### A09A1980. WATERS v. THE STATE.

(692 SE2d 802)

BARNES, Judge.

Following the denial of his motion for new trial, Henry Bazil Waters appeals his conviction for child molestation. Waters alleges a discovery violation, that the trial court erred in admitting similar transaction evidence, and that the evidence was insufficient. Following our review, we affirm.

Viewed in the light most favorable to the verdict, *Davis v. State,* 275 Ga. App. 714, 715 (1) (621 SE2d 818) (2005), the evidence shows

188

that after spending the night with Waters, his three-and-a-half-year-old granddaughter complained to her mother that Waters gave her a "boo-boo" while playing monster, and she pointed to her vagina. The mother noticed that the child's vagina appeared red, and called her sister-in-law, who had some experience with young children, to come over. The child also revealed to the sister-in-law that Waters had touched her vagina. The following day, the child's pediatrician examined her, and while noticing some vaginal redness, determined that it was inconclusive as to evidence of molestation.

The Department of Family and Children Services ("DFACS") and the Bulloch County Sheriff's Office became involved in the investigation, and the child was referred to the Sunshine House for a forensic interview and physical examination. The examination did not reveal internal physical harm. On September 10, 2004, police questioned Waters and advised him that he would be notified if a criminal warrant was issued. Two days later, without his family's knowledge, Waters purchased a one-way ticket to Costa Rica and left the country. Over two months later, on November 11, 2004, Waters was detained at Dulles International Airport as he attempted to reenter the country. He was arrested, charged with child molestation, and following a jury trial, found guilty and sentenced to twenty years in prison and ten years probation.

1. Waters first contends that the trial court erred in failing to require the State to comply fully with Georgia's reciprocal discovery act, OCGA § 17-16-1 et seq., in that during the trial he discovered that the child's counselor had conducted additional interviews that he was not informed about. He maintains that the documents and notes related to the additional sessions were purposefully kept from him before the trial.

The record shows that Waters elected to proceed under the reciprocal discovery provisions of OCGA § 17-16-1 et seq. by serving written notice on the State, as required by OCGA § 17-16-2 (a). Accordingly, the State was required, "no later than ten days prior to trial," to disclose to Waters all "photographs[ and] tangible objects . . . or copies or portions thereof . . . within the possession, custody, or control of the state or prosecution . . . intended for use by the prosecuting attorney as evidence in the prosecution's case-in-chief or rebuttal at the trial." OCGA § 17-16-4 (a) (3) (A). "'Possession, custody, or control of the state or prosecution' means an item which is within the possession, custody, or control of the prosecuting attorney or any law enforcement agency involved in the investigation of the case being prosecuted." OCGA § 17-16-1 (1).

The complained-about evidence occurred when the victim's mother testified that the child saw a therapist weekly. Waters requested a continuance complaining that the notes related to the

counseling sessions were not included with the discovery. According to Waters, the discovery included a two-page report from the therapist that described only three counseling sessions. The State responded that it did not have any additional reports from the therapist's weekly counseling sessions with the victim, that the report included in the discovery was what the therapist reported to DFACS as a result of her evaluation and diagnoses, and anything after that was "simply her therapy." It maintained that there was no duty for the State to affirmatively seek the therapist's work product, and that it had not seen any of the information contained in the counselor's therapy reports. The trial court denied the motion.

Our Supreme Court has held that the parties to reciprocal discovery have the affirmative duty to attempt to acquire the information required by the statute. They "may not rest solely on the fact that it is not within their possession." *State v. Dickerson*, 273 Ga. 408, 410 (1) (542 SE2d 487) (2001). However, "contrary to [Waters'] contentions, the reciprocal discovery act does not provide an independent statutory basis for the discovery of [the therapist's] files." *Ellis v. State*, 289 Ga. App. 452, 456 (2) (657 SE2d 562) (2008).

> Pursuant to OCGA § 49-5-40, records concerning reports of child abuse are confidential, and access to such records is prohibited except as provided in OCGA §§ 49-5-41 and 49-5-41.1. OCGA § 49-5-41 (a) (2) grants access to such records to (a) court, by subpoena, upon its finding that access to such records may be necessary for determination of an issue before such court; provided, however, that the court shall examine such record in camera, unless the court determines that public disclosure of the information contained therein is necessary for the resolution of an issue then before it and the record is otherwise admissible under the rules of evidence.

*Dodd v. State*, 293 Ga. App. 816, 821 (4) (668 SE2d 311) (2008).

Thus, as Waters "did not request an in camera inspection of [the therapist's records] the State was not obligated to produce the file and did not violate his due process rights under ... Georgia's reciprocal discovery act by not providing the file earlier." *Ellis*, supra, 289 Ga. App. at 456 (2).

2. Waters also contends that the trial court erred in admitting similar transaction evidence. He contends that the evidence of a 1989 conviction for child molestation involving a male child was not sufficiently similar to the case at hand, and was also too removed in time. Thus, he argues, it had little probative value compared to its prejudicial effect.

To introduce similar transaction evidence, the State must show three things.

> First, the State must demonstrate that it seeks to introduce such evidence for an appropriate purpose, such as illustrating appellant's identity, intent, course of conduct and bent of mind; second, the State must show sufficient evidence to establish that the accused committed the independent offense or act; and third, the State must demonstrate a sufficient connection or similarity between the independent offense or act and the crime charged so that proof of the former tends to prove the latter.

(Punctuation omitted.) *Anderson v. State*, 261 Ga. App. 456, 461-462 (3) (582 SE2d 575) (2003). Absent an abuse of discretion, we will not disturb a trial court's determination that similar transaction evidence is admissible. Id. In crimes involving sexual offenses, evidence of similar previous transactions is admissible to show the lustful disposition of the defendant and to corroborate the victim's testimony. *Williams v. State*, 263 Ga. App. 22, 24 (2) (587 SE2d 187) (2003).

Here, at the similar transaction hearing, the State introduced evidence that Waters was convicted in 1989 of child molestation for incidents involving three boys. Although Waters argues that the 1989 conviction involved the fondling of a penis, "the independent act does not have to be identical to the crime charged. The proper focus is on the similarity, not the differences, between the separate crimes and the crime in question." (Citations and punctuation omitted.) *Williams v. State*, 267 Ga. App. 283, 285 (2) (599 SE2d 256) (2004). Because the admissibility of similar transaction evidence is liberally construed in the area of sexual offenses, "the sexual molestation of young children or teenagers, regardless of the type of act, is sufficiently similar to be admissible as similar transaction evidence." (Punctuation omitted.) *Kendrick v. State*, 269 Ga. App. 831, 834 (3) (605 SE2d 369) (2004*).* Thus, as the prior incidents involved children, and the fondling of their genitals, we affirm the trial court's finding of similarity.

Waters' claim that the earlier acts were too remote in time goes to the weight and credibility of the evidence, not its admissibility. *Turner v. State*, 245 Ga. App. 294 (2) (536 SE2d 814) (2000). Thus, as the similar transaction evidence was otherwise admissible, the lapse of time between the incidents did not require the trial court to exclude the evidence. *Braddock v. State*, 208 Ga. App. 843, 844 (2) (432 SE2d 264) (1993).

3. Waters' contention that the evidence was insufficient to

sustain his conviction is meritless. On appeal, we do not resolve conflicts in the evidence, which are a matter for the jury. Here, the mother and the therapist testified that the victim said Waters touched her vagina. The videotape the victim made at the Sunshine House describing what happened was also played at trial. The jury is allowed to consider the victim's out-of-court statements as substantive evidence under the Child Hearsay Statute, OCGA § 24-3-16. Moreover, Waters' fleeing the country after talking with police is a circumstance from which his participation in the crime may be inferred. See *Stokes v. State*, 232 Ga. App. 232, 233 (1) (501 SE2d 599) (1998). "[C]onduct before and after the offense are circumstances from which one's participation in the criminal intent may be inferred." *Looney v. State*, 221 Ga. App. 224, 225 (1) (471 SE2d 243) (1996). Thus, because the evidence here supported Waters' conviction, the trial court properly denied his motion for a new trial.

*Judgment affirmed. Miller, C. J., and Andrews, P. J., concur.*

DECIDED MARCH 26, 2010.

*Robert S. Lanier, Jr.*, for appellant.
*Richard A. Mallard, District Attorney, W. Scott Brannen, Assistant District Attorney*, for appellee.