## A10A2051. HICKSON v. THE STATE.
### (706 SE2d 670)

BARNES, Presiding Judge.

Kelly Hickson was indicted for malice murder and related offenses for fatally shooting another man in the parking lot of an adult strip club. Hickson was tried before a jury, which acquitted him of the malice murder charge and of voluntary manslaughter as a lesser included offense of malice murder, but was unable to reach a verdict on the remaining charges. Following a second jury trial, Hickson was convicted of voluntary manslaughter as a lesser included offense of felony murder, aggravated assault with a deadly weapon, possession of a firearm during the commission of a felony, and possession of a firearm by a convicted felon. On appeal from the denial of his motion for new trial, Hickson contends that the trial court erred in admitting evidence of similar transactions in which he brandished a pistol during a verbal altercation; in admitting a certified felony conviction that listed the name of the defendant as "John O'Neal Jones"; and in charging the jury on voluntary manslaughter, given his acquittal of that offense in the first trial. He also argues that his defense counsel was ineffective for requesting a jury charge on voluntary manslaughter in the second trial. Lastly, Hickson maintains that the trial court imposed a sentence upon him that failed to comport with the jury's verdict. For the reasons discussed below, we affirm the judgments of conviction but remand with direction that the trial court correct the scrivener's errors contained in the sentence.

"Following a criminal conviction, the defendant is no longer presumed innocent, and we view the evidence in the light most favorable to the verdict." Martinez v. State, 303 Ga. App. 166 (692 SE2d 766) (2010). So viewed, the evidence showed that in the early morning hours of September 12, 2004, Hickson, the victim, and two of the victim's friends were standing in the parking lot of an adult strip club. Hickson and the victim were arguing with one another while the victim's two friends watched the verbal confrontation. As the argument continued, Hickson pushed the victim, pulled out a handgun, and shot the victim in the abdomen. Hickson threw his gun away and fled from the scene. After the victim died as a result of complications from the gunshot wound, Hickson was arrested and charged with malice murder; two counts of felony murder (with

aggravated assault and possession of a firearm by a convicted felon as the underlying felonies); aggravated assault with a deadly weapon; possession of a firearm during the commission of a felony; and possession of a firearm by a convicted felon. Hickson pled not guilty and claimed that the shooting was justified as an act of self-defense.

In the first trial, the jury acquitted Hickson of malice murder and of the lesser included offense of voluntary manslaughter but deadlocked on the remaining counts of the indictment. The trial court granted a mistrial on the remaining charges, and the State filed an amended indictment that removed the count for malice murder.

At the second trial, Hickson testified that during the confrontation in the parking lot, the victim grabbed him and then one of the victim's friends pulled out a gun, leading Hickson to fear that the victim and his friends were going to attack him with deadly force. In contrast, the victim's two friends testified that neither they nor the victim was armed that night. Other witnesses similarly testified that they did not see the victim or his friends with any firearms and did not see them act in a physically threatening manner toward Hickson. There also was testimony that no firearms, other than the one linked to Hickson, were recovered from the parking lot by police investigators. Additionally, in order to show Hickson's course of conduct and bent of mind, the State presented evidence of prior instances in which Hickson had brandished a pistol during verbal altercations with other individuals.

Following the close of the evidence, the trial court charged the jury on, among other things, the affirmative defense of self-defense. The trial court also charged the jury on voluntary manslaughter as a lesser included offense of the felony murder counts, at Hickson's request.

The jury acquitted Hickson of the two counts of felony murder but found him guilty of voluntary manslaughter as a lesser included offense of those counts. The jury also found him guilty of aggravated assault with a deadly weapon, possession of a firearm during the commission of a felony, and possession of a firearm by a convicted felon. Hickson moved for a new trial, and the trial court denied the motion. This appeal followed.

1. The evidence adduced at the second trial was sufficient to enable any rational trier of fact to determine that Hickson did not act in self-defense and that he was guilty beyond a reasonable doubt of the crimes for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). While Hickson claimed that he shot the victim out of fear for his life, "[a] jury has unlimited discretion to accept or reject a defendant's testimony as a whole, or to accept it in part and reject it in part." (Punctuation and footnote

omitted.) *McGuire v. State*, 243 Ga. App. 899, 900 (1) (534 SE2d 549) (2000). "Questions concerning the weight of the evidence and credibility of the witnesses were for the jury to decide." *Johnson v. State*, 289 Ga. App. 206, 208 (656 SE2d 861) (2008).

2. Hickson complains that the trial court erred in admitting similar transaction evidence. Before the State can introduce similar transaction evidence, the trial court must conduct a hearing under Uniform Superior Court Rule 31.3 (B), and the State must make three affirmative showings as to each prior act. See *Williams v. State*, 261 Ga. 640, 642 (2) (b) (409 SE2d 649) (1991).

> First, the State must demonstrate that it seeks to introduce such evidence for an appropriate purpose, such as illustrating appellant's identity, intent, course of conduct, and bent of mind; second, the State must show sufficient evidence to establish that the accused committed the independent offense or act; third, the State must demonstrate a sufficient connection or similarity between the independent offense or act and the crime charged so that proof of the former tends to prove the latter.

(Citations and footnote omitted.) *Davis v. State*, 244 Ga. App. 708, 711 (3) (536 SE2d 596) (2000). See *Williams*, 261 Ga. at 642 (2) (b). There is no requirement that the independent acts be identical to the crime charged; "[t]he proper focus is on the similarity, not the differences, between the separate crimes and the crime in question." (Citation and punctuation omitted.) *Waters v. State*, 303 Ga. App. 187, 190 (2) (692 SE2d 802) (2010). A trial court's determination that similar transaction evidence is admissible is reviewed only for an abuse of discretion. Id.

Here, the similar transaction evidence showed that in December 2003, Hickson pointed a handgun at the brother of his former girlfriend during a verbal altercation. Then, in February 2004, Hickson pulled out a handgun and struck his former girlfriend in the head with it during a quarrel. In July 2005, Hickson again pulled out a handgun while arguing with his former girlfriend. The State offered this evidence to show Hickson's course of conduct and bent of mind.

Hickson does not contest that the State met the first two prongs of the similar transaction test, i.e., that the evidence was introduced for an appropriate purpose and that there was sufficient evidence that he committed the other handgun incidents. Focusing on the third prong, he asserts that the three handgun incidents were too dissimilar to the crimes charged such that proof of the former did not tend to prove the latter. We are unpersuaded. The three incidents all

involved circumstances in which Hickson pulled out a handgun during a verbal altercation, thereby demonstrating his "propensity to settle disagreements with a gun, to act violently and impulsively to disappointment or misunderstanding, and to resort to the use of a gun with little provocation." *Davis*, 244 Ga. App. at 712 (3). With respect to the current charges, the other handgun incidents helped prove Hickson's bent of mind and course of conduct, since the present incident likewise involved Hickson pulling out a handgun and drastically escalating what was a mere verbal altercation with little or no provocation for doing so. The trial court, therefore, did not abuse its discretion in admitting the similar transaction evidence. See *Hayles v. State*, 287 Ga. App. 601, 604 (2) (651 SE2d 860) (2007) (in case involving fatal shooting, prior instance in which defendant threatened someone with handgun during argument over money was admissible to show defendant's propensity "to escalate disputes by pulling a weapon first"); *Davis*, 244 Ga. App. at 712 (3) (in armed robbery case, prior unprovoked use of firearm to threaten driver was admissible to show defendant's bent of mind and course of conduct); *Willis v. State*, 214 Ga. App. 479, 480 (3) (a) (448 SE2d 223) (1994) (prior instance in which defendant fired gun during dispute over potato chips was admissible in case where defendant repeatedly fired gun during verbal confrontation).[1]

3. Hickson next argues that the trial court erred in allowing the State to introduce a certified felony conviction that listed the name of the defendant as "John O'Neal Jones" to prove he was a convicted felon in possession of a firearm. Hickson further argues that because the certified felony conviction was inadmissible, the trial court should have granted his motion for a directed verdict of acquittal on the charge of possession of a firearm by a convicted felon.[2]

Hickson's arguments are without merit. The record clearly shows that Hickson admitted during his cross-examination by the State that he used the fake name "John O'Neal Jones" when he was arrested for the prior felony offense and conceded that he was the

---

[1] Although somewhat unclear from his brief, Hickson also appears to contend that the Georgia evidentiary rule for similar transaction evidence "violates the due process provision of the United States Constitution." He cites no legal authority to support this broad contention. Furthermore, the three-pronged evidentiary rule applicable in Georgia is based on binding precedent of the Supreme Court of Georgia, see *Williams*, 261 Ga. 640, to which this Court must defer. See generally *Mattox v. State*, 196 Ga. App. 64, 65 (1) (395 SE2d 288) (1990).

[2] For the same reason, Hickson argues that the trial court should have granted his motion for a directed verdict of acquittal on the felony murder count in which possession of a firearm by a convicted felon was alleged as the underlying felony. But Hickson was acquitted of felony murder, and so he cannot show harm resulting from the trial court's failure to grant him a directed verdict on that count. "There is no remedy for error without harm." (Citation and punctuation omitted.) *Hayes v. State*, 276 Ga. App. 268, 271 (3) (623 SE2d 144) (2005). In any event, as explained infra, the certified felony conviction was properly admitted.

individual named in the certified felony conviction. It follows that the trial court did not err in admitting the certified felony conviction or in denying Hickson's motion for a directed verdict of acquittal.

4. Hickson maintains that the trial court erred in charging the jury on voluntary manslaughter as a lesser included offense of felony murder in the second trial, in light of his acquittal of voluntary manslaughter as a lesser included offense of malice murder in the first trial. He contends that charging the jury on voluntary manslaughter, and his resulting conviction for that offense, violated due process and double jeopardy principles. We disagree under the circumstances of this case. As previously noted, Hickson requested the charge on voluntary manslaughter in the second trial. Thus, he cannot complain on appeal that the trial court delivered such a charge. See *Gooch v. State*, 259 Ga. 301, 303 (3), n. 2 (379 SE2d 522) (1989) (when requested by defendant, trial court's delivery of charge on voluntary manslaughter "cannot be reversible error"); *Hayles*, 287 Ga. App. at 602 (1) (a) (defendant who requested charge on voluntary manslaughter could not complain on appeal when trial court gave charge); *Brown v. State*, 261 Ga. App. 115, 118 (582 SE2d 13) (2003) ("A criminal defendant may, through his conduct, relinquish his double jeopardy rights[.]"). See also *United States v. Zavala*, 839 F2d 523, 528 (9th Cir. 1988) (per curiam) ("A defendant may not raise the defense of double jeopardy to a charge on which he expressly agrees to be tried.").

5. Hickson also contends that his trial counsel was ineffective for requesting the jury charge on voluntary manslaughter in the second trial.

> The two-prong test for determining the validity of a claim of ineffectiveness of counsel provided in *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), asks whether counsel's performance was deficient and, if so, whether this deficiency prejudiced the defense; that is, whether there is a reasonable probability that the outcome of the proceedings would have been different, but for counsel's deficiency. If the defendant cannot satisfy either of the two prongs of the *Strickland* test, his ineffective assistance claim fails.

(Citation and punctuation omitted.) *Martinez*, 303 Ga. App. at 171-172 (4). The defendant "must overcome the strong presumption that counsel's performance fell within a wide range of reasonable professional conduct, and that counsel's decisions were made in the exercise of reasonable professional judgment." (Citation and punctuation omitted.) *Shaw v. State*, 286 Ga. 229, 231 (2) (686 SE2d 760)

(2009). And, as a general rule, "[t]rial strategy and tactics do not equate with ineffective assistance of counsel." (Citation and punctuation omitted.) *Johnson v. State*, 283 Ga. App. 524, 533 (8) (b) (642 SE2d 170) (2007).

Hickson's trial counsel did not testify at the hearing on the motion for a new trial, so we must presume that counsel's decision to request the charge on voluntary manslaughter was strategic. See *Johnson*, 283 Ga. App. at 533 (8) (b). That the decision was a strategic one is likewise borne out by the transcript of the second trial. Prior to the commencement of the second trial, Hickson's trial counsel requested a charge on voluntary manslaughter as a lesser included offense to felony murder, arguing that such a charge should not be "excluded on a double jeopardy basis" to the detriment of her client. Later, during the charge conference, the trial court informed Hickson that the charge on voluntary manslaughter would not be given unless he consented to it, in light of his prior acquittal on that charge. In response, Hickson expressly consented to the delivery of the charge and confirmed to the trial court that he had discussed the issue with his counsel and had determined that such a charge would be in his best interest. Upon inquiry from the trial court, Hickson's trial counsel stated that she concurred with Hickson and reiterated that she had discussed the charge with her client.

"[D]ecisions about which jury charges to request are strategic and provide no grounds for reversal unless such tactical decisions are so patently unreasonable that no competent attorney would have chosen them." (Citation and punctuation omitted.) *Armstrong v. State*, 292 Ga. App. 145, 148 (3) (664 SE2d 242) (2008). Likewise, "[d]ecisions regarding which defense or defenses to pursue at trial are a matter of strategy with which this [C]ourt will not generally interfere." (Citation and punctuation omitted.) *Coats v. State*, 303 Ga. App. 818, 824 (3) (695 SE2d 285) (2010). Given that the record clearly shows that trial counsel made a strategic decision to request a charge on voluntary manslaughter, and because we cannot say that this decision was patently unreasonable, we affirm the trial court's finding that Hickson failed to prove deficient performance. See *Reid v. State*, 286 Ga. 484, 487 (3) (b) (690 SE2d 177) (2010) (decision over whether to request charge on voluntary manslaughter was strategic one that provided no basis for reversal).

6. Lastly, Hickson argues that the trial court imposed a sentence upon him that did not comport with the jury's verdict. We conclude that the written sentences contain scrivener's errors that should be corrected on remand.

At the sentencing hearing, the trial court orally pronounced that Hickson's sentence would be twenty years to serve on Count 1 (voluntary manslaughter as a lesser included offense of felony

murder); five years to serve on Count 4 (possession of a firearm during the commission of a felony), to run consecutive to Count 1; and two years to serve on Count 5 (possession of a firearm by a convicted felon), to run concurrent with Count 1. The trial court further pronounced that Hickson's convictions on Count 2 (voluntary manslaughter as a lesser included offense of felony murder) and Count 3 (aggravated assault with a deadly weapon) would be merged into Count 1 for purposes of sentencing.

The trial court's pronouncement of Hickson's sentence was consistent with the jury's verdict. The written sentences subsequently entered by the trial court, however, are not consistent with the court's oral pronouncement because they appear to reference the six counts found in the original indictment, rather than the five counts found in the indictment as amended after the first trial. Specifically, the written sentence for Count 1, labeled "Murder," is marked "Not Guilty" and provides no sentence relating to that count. The written sentences for the remaining Counts 2-6 reflect the sentences the trial court orally pronounced on Counts 1-5 of the amended indictment; additionally, the written sentence for Count 2 indicates that Hickson was found guilty of both felony murder and the lesser included offense of voluntary manslaughter.

The written sentences plainly do not conform to the trial court's intentions as expressed at the sentencing hearing and appear to be misnumbered as the result of scrivener's errors. Under these circumstances, we remand the case for the trial court to correct the errors in the written sentences. See *Chaney v. State*, 281 Ga. 481, 483 (2) (640 SE2d 37) (2007); *Manley v. State*, 287 Ga. App. 358, 360 (3) (651 SE2d 453) (2007); *Harris v. State*, 166 Ga. App. 202, 204 (4) (303 SE2d 534) (1983).

*Judgment affirmed and case remanded with direction. Blackwell and Dillard, JJ., concur.*

DECIDED FEBRUARY 2, 2011 —
RECONSIDERATION DENIED FEBRUARY 23, 2011 — ▮▮▮▮▮

*Michael B. King*, for appellant.
*Paul L. Howard, Jr., District Attorney, Marc A. Mallon, Assistant District Attorney*, for appellee.